**Boris S. NADIAK, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 158, Docket 29890.**

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1965.

Decided Feb. 23, 1966.

Boris S. Nadiak, petitioner, pro se.

Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Robert A. Bernstein, Jonathan S. Cohen, Attys., Dept. of Justice, for respondent.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

Boris S. Nadiak petitions to review a memorandum decision of the Tax Court of the United States, holding that legal expenses incurred by the petitioner while successfully defending two criminal charges were non-deductible personal expenditures. For reasons given hereafter we affirm the Tax Court's decision.

■■ The facts relevant to our disposition of this petition were stipulated in the Tax Court. Petitioner was employed by National Airlines as an airline captain during 1958 and 1959. In 1958 he was arrested and charged with assault and battery by a friend of his former wife. The petitioner's case came before the Miami, Florida Municipal Court on October 8, 1958 and two days later the charges were dismissed. For representing petitioner in this criminal proceeding the petitioner paid an attorney $515 in 1959 and deducted this sum on his federal income tax filed for that year. On April 27, 1959 petitioner was charged with grand larceny for allegedly

**912**

taking property that belonged to his former wife. Again he retained an attorney to assist in this defense and a *nolle prosequi* was entered on May 6. Petitioner paid the attorney $520.26 for his services and deducted this sum on his 1959 return.

The Commissioner disallowed the deduction for the legal expenses incurred in these criminal proceedings. This determination was sustained by the Tax Court on the ground that the expenses were personal expenditures, non-deductible under Internal Revenue Code of 1954, § 262. From this decision the petitioner filed a timely petition for review.

Petitioner urges that the legal expenses here at issue should be deductible as ordinary and necessary business expenses within the meaning of Section 162(a) of the Code because conviction for either crime would have resulted in the revocation of his commercial pilot's license, or of his medical certificate, or of both. He argues that the expenses were ordinary and necessary business expenses because they were necessary if he wished to continue to earn a living as a commercial pilot.

The difficulty with petitioner's argument is that he incurred the legal expenses defending criminal charges that arose in connection with the apparently exacerbated relationship between him and his former wife. The origin of the legal expenses was thus personal; only the potential consequences of the criminal proceedings posed a threat to the petitioner's fortunes. According to the Supreme Court the deductibility *vel non* of the costs of resisting a claim turns on whether the claim *arose in connection with* the taxpayer's profit-seeking activity rather than on the potential consequences of failing to defend. United States v. Gilmore, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963). In *Gilmore* the Court dealt with an attempt to deduct, under Section 212 of the 1954 Code and its 1939 Code counterpart, legal expenses arising in connection with a divorce proceeding. In disallowing the deduction the Court noted that the origin of the legal expense was clearly personal and went on to say

that, "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was 'business' or 'personal' * * *" 372 U.S. 39, at 49, 83 S.Ct. 623, at 629. In support of this test the Court noted that a test which made consequences determinative would be unwise because it would "carry us too far" and result in unequal treatment of like taxpayers. This reasoning is equally persuasive in cases like petitioner's when a deduction for legal expense is claimed under Section 162(a). For this reason we affirm the Tax Court's decision that the legal expenses incurred by the petitioner were non-deductible personal expenditures.