Milton Margoles and Betty Margoles v. Commissioner.
Margoles v. Commissioner
Docket No. 2241-66.
United States Tax Court
T.C. Memo 1968-58; 1968 Tax Ct. Memo LEXIS 240; 27 T.C.M. (CCH) 319; T.C.M. (RIA) 68058; April 8, 1968. Filed William Fitzhugh Fox, for the petitioners. Robert M. Burns, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies have been determined by the Commissioner in the income tax of petitioners as follows: Year
Amount
1957
$ 4,352.78
1958
4,632.72
1959
13,189.46
1960
6,112.67
1961
122.87
1962
1,128.82 320
*241 The parties have settled all issues but one raised by the pleadings, which settlements will be given effect under Rule 50. The remaining issue is whether respondent correctly disallowed a claimed deduction of attorney fees for the taxable year 1960 on any ground because of his determination that they constituted nondeductible personal living expense of petitioners. Findings of Fact All facts which have been stipulated are found accordingly. Petitioner, as used herein, has reference only to Milton Margoles. The petitioners, Milton and Betty Margoles, are individuals with their principal residence on May 9, 1966, the date the petition was filed, at Shorewood, Wisconsin. They filed a joint Federal income tax return for the taxable year 1960 on the cash basis with the district director of internal revenue at Milwaukee, Wisconsin. They filed an amended joint Federal income tax return for the taxable year 1960 on the cash basis with the district director of internal revenue at Milwaukee, Wisconsin. By successive effective waivers of the statutory period of assessment of deficiencies filed by petitioners, the deficiencies herein determined have been rendered timely. Petitioner *242 was licensed to practice medicine in the State of Wisconsin during the month of July 1938. He engaged in the practice of medicine between that date and March 2, 1962, in the State of Wisconsin. On March 6, 1959, petitioner was indicted on four counts for willful evasion of Federal income taxes for the years 1952 through 1955. On March 9, 1960, he pleaded "no contest" to the four counts in the United States District Court for the Eastern District of Wisconsin before the Honorable Robert E. Tehan and on June 3, 1960, was sentenced to 1 year in jail and fined $15,000. On June 5, 1960, petitioner retained an attorney to represent him in a threatened charge against him of having corruptly endeavored to influence an officer of a court of the United States and to obstruct the administration of justice in such court, which "officer" was the Honorable Robert E. Tehan, who, on June 3, 1960, sentenced petitioner on the counts involving income tax evasion. On July 15, 1960, petitioner was so indicted, the indictment being based on the allegation that in consideration for the attempted bribe, the Honorable Robert E. Tehan was to vacate the sentence imposed on the defendant, Milton Margoles, *243 in the case of United States of America v. Milton Margoles, No. 59-CR-29 (income tax evasion), and was to give a suspended sentence in lieu thereof. On October 24, 1960, petitioner was found guilty of the charge and sentenced to 5 years of imprisonment and fined a total of $5,000. An attorney represented petitioner throughout the proceedings relating to the indictment of July 15, 1960. On or about September 1960, petitioner paid him fees in the sum of $26,500 as payment for such representation. Petitioner's purpose in retaining the attorney was to represent him in the indictment of July 15, 1960 (obstruction of justice) in order to obtain a finding of innocence which would relieve him of the burden of the indictment and present a defense to the threatened charges of moral turpitude in his medical license revocation hearing, insofar as those charges would be based upon a conviction on the charge of obstruction of justice. On May 1, 1961, the district attorney of Milwaukee County brought action against petitioner in the Circuit Court of Milwaukee County to revoke his license to practice medicine and surgery. The Circuit Court determined upon the pleadings that petitioner was *244 guilty of unprofessional conduct in that petitioner had been convicted of offenses involving moral turpitude, to-wit: tax evasion and obstruction of justice, and that the district attorney and petitioner should present proof as to the nature of petitioner's acts in a professional capacity and as to his character. Following such trial, the Court entered a judgment on March 2, 1962, revoking petitioner's license to practice medicine and surgery. The March 2, 1962, decision of the Circuit Court of Milwaukee County discussed the Milton Margoles conviction on the charge of attempting to influence a judicial officer and to obstruct justice. The order "That the defendant's license to practice medicine and surgery in the State of Wisconsin be and hereby is revoked," was made on the ruling "that the act of filing of false and fraudulent income tax returns constituted an offense involving moral turpitude." 321 Ultimate Finding of Fact Petitioners' expenditure of $26,500 in legal fees paid to an attorney during the taxable year 1960 for representation of petitioner in a criminal case charging him with having corruptly endeavored to influence an officer of a court of the United States *245 and to obstruct administration of justice in such court was a nondeductible personal living expense. Opinion Petitioner seeks deduction of an attorney fee either as an expense of doing business as a physician under section 162 of the Internal Revenue Code of 1954, [1] or as an expense of the management or conservation of income-producing property under section 212(2) [2] thereof. He has filed no brief herein and we therefore assume he means his state license to practice medicine by the term "income-producing property." In order to succeed, he must show that the necessity for retaining an attorney grew out of one activity or the other. We think it is clear that neither activity gave rise to that necessity and that the attorney's fees paid were for personal purposes only. *246 Petitioner's attorney fee expense cannot, under these facts, be said to have arisen from any activity on his part other than his attempt to bribe Judge Tehan with respect to his sentencing of petitioner for the commission of a criminal act. We fail to see how the bribery attempt can be in any way related to the conduct of petitioner's professional practice as a medical doctor. Nor is there merit to his contention that by the attorney fee expenditure he was engaged in the management or conservation of incomeproducing property, to-wit: his state license to practice medicine. It is clear to us from the state court's decision in revoking his medical license that petitioner, having committed a former offense (income tax evasion) also involving moral turpitude, was subject to a like result in the absence of his attempt at bribery. While it may be argued that petitioner's efforts and attorney fee expense were incidentally and potentially aimed at saving his license to practice, we think it more likely and find it to be the fact, that his defense of the bribery charge was primarily for personal as distinguished from business reasons. The expense grew from his attempt at bribery. The stipulated *247 purpose of the attempted bribery was not to obtain a reversal of his conviction of income tax evasion, which reversal might conceivably have aided him in retaining his license to practice, but was instead to relieve him of the burden of his conviction for income tax evasion, i.e., the vacation or suspension of the sentence of Judge Tehan theretofore imposed. The loss of his license to practice was but a "potential consequence" of his two criminal convictions which does not alter the original purpose for his retention of the services of an attorney. As was said by the Supreme Court in United States v. Gilmore, 372 U.S. 39: the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" * * * The criminal charge giving rise to the attorney fee expense here did not, as in Commissioner v. Tellier, 383 U.S. 687, find its source in the business activity (practice of medicine) of petitioner and that case is therefore distinguished from this and is not in point. We think this case in *248 principle is indistinguishable from Nadiak v. Commissioner, 356 F.2d 911 (C.A. 2, 1966), affirming a Memorandum Opinion of this Court, wherein an airline pilot whose license to fly would have been revoked upon conviction of a criminal offense sought to deduct attorney fees expended in defending against a charge of assault and battery. In affirming this Court's decision disallowing the attorney fee deduction, the Court of Appeals agreed that the expense was nondeductible on any ground because it was personal in character and deduction thereof prohibited by section 262 [3] of the Code. We so hold here. Decision will be entered under Rule 50. 322 Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * * (2) for the management, conservation, or maintenance of property held for the production of income * * *↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩