Estate of David B. Trott, Deceased, Seymour S. Trott, Executor v. Commissioner.
Estate of Trott v. Commissioner
Docket no. 1003-67.
United States Tax Court
T.C. Memo 1969-18; 1969 Tax Ct. Memo LEXIS 278; 28 T.C.M. (CCH) 74; T.C.M. (RIA) 69018; January 29, 1969, Filed *278 Daniel A. Becco, Suite 1722 Connecticut Mutual Life Bldg., 33 N. Dearborn St., Chicago, Ill., for the petitioner. George G. Young, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income tax of petitioner's decedent for the taxable year 1961 in the amount of $1,464.24. The sole issue is whether respondent has properly disallowed as a deduction an attorney fee paid by decedent during that year. All of the facts have been stipulated and we incorporate such facts together with the exhibits attached to the stipulation herein by reference. During the year at issue the decedent, David B. Trott, was a practicing attorney in the State of Illinois. He died March 11, 1962, his income tax return for 1961 here in question having been filed for him by the petitioner. On or about December 22, 1960, an indictment was returned against him in the United States District Court for the Northern District of Illinois, Eastern Division, charging him with having attempted to bribe an internal revenue agent on or about December 16, 1960, in connection with the agent's examination and audit of decedent's Federal income tax *279 return for the year 1959. Before decedent was brought to trial upon the indictment, he died and it was dismissed by order of the court on April 2, 1962. Decedent had retained an attorney to represent him with respect to the indictment and paid $2,500 during the year at issue as a fee for such representation. Petitioner seeks the deduction of this fee as a business expense under section 162(a) [1] of the Internal Revenue Code of 1954. Respondent has disallowed the deduction as being unauthorized under any section of the Code. Petitioner relies nearly entirely upon our decision in Paul Caspers, 44 T.C. 411 (1965) and cites Commissioner v. Telliver, 383 U.S. 687 (1966), as support for his contention. We think Caspers, supra, is clearly distinguishable from the instant case and that Tellier, supra, supports respondent's disallowance of this deduction. The former case, quoted nearly in *280 full in petitioner's brief, is clearly and obviously premised upon the explicit finding that the attorney fee there in question grew out of the proposed disallowance of some nine specific deductions, all of which directly concerned the conduct of taxpayer's real estate business. The attempted bribery there was with respect to an internal revenue agent's proposal to make such adjustments. Here, although decedent's earnings from his law business were reported in the return under investigation, other income was also included in substantial amounts. We can make no finding from this record as to any adjustments proposed by the agent or whether any adjustments were proposed, and we are therefore unable to determine whether decedent's business or his other reported income was under threat of an adjustment. In this respect he has failed to bring himself within the ambit of our holding in Caspers. Commissioner v. Tellier, supra, rather than supportig petitioner, reiterates the basic 75 qualification which he does not meet by his evidence, i.e., the deductibility of an attorney fee depends upon the source from which it emanates, whether related to the conduct of a trade or business or to *281 matters purely personal. Respondent has determined the fee in controversy to be entirely personal in nature, unrelated to the conduct of decedent's law business. Petitioner, who has the burden of doing so, has failed to demonstrate to the contrary. Petitioner argues that because decedent's license to practice law would be jeopardized by a bribery conviction, a business relationship is sufficiently proven. This contention is disposed of to the contrary by cases such as Nadiak v. Commissioner, 356 F. 2d 911 (C.A. 2, 1966), affirming a Memorandum Opinion of this Court, and United States v. Gilmore, 372 U.S. 39 (1963). Possible loss of decedent's license was merely a potential consequence of the bribery indictment rather than the circumstance which was the source of the attorney fees in question. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *↩