Betty Jean Michaelis v. Commissioner.
Michaelis v. Commissioner
Docket No. 5901-70.
United States Tax Court
T.C. Memo 1971-199; 1971 Tax Ct. Memo LEXIS 131; 30 T.C.M. (CCH) 834; T.C.M. (RIA) 71199; August 16, 1971, Filed. Betty Jean Michaelis, pro se, 2613 S.W.Water Ave., Portland, Ore.Joseph M. Wetzel, for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1968 in the amount of $705.88. [1] The only issue is whether petitioner *132 is entitled to a deduction of $3,762.35 for claimed legal and other expenses relative to an automobile accident and an assault and battery charge against petitioner. Findings of Fact Petitioner is an unmarried individual who, at the time of the filing of the petition in this case, was a resident of Portland, Oregon. Petitioner filed a timely Federal income tax return for the year 1968 with the director of internal revenue for the district of Oregon. During the years 1967 and 1968 petitioner was employed as a conveyances examiner by the Bonneville Power Administration, United States Department of the Interior, in Portland, Oregon. She was not required to drive her car as a part of her job by her employer. She did drive her car from her home to her place of employment. On Monday, November 20, 1967, at about 8:00 a. m., while driving to work, petitioner's automobile collided with an automobile driven by Harold J. Wyler at the intersection of Northeast Seventh and Multnomah Streets *133 in Portland. A police officer arriving at the scene of the accident issued a traffic violation summons to petitioner but petitioner was not taken into police custody. Petitioner appeared in the Municipal Court for the City of Portland on December 5, 1967 in response to the summons. After a hearing, at which petitioner was represented by counsel, petitioner was fined $18 for the traffic violation. In respect to events claimed to be relative to the above automobile accident and extending throughout the years 1967 and 1968, petitioner deducted $1,812.35 from her adjusted gross income on her 1968 tax return. The deduction was based upon petitioner's computation of the value of her own time, and costs incurred, incident to the accident. The out-of-pocket expenditures included in the computation consisted of automobile repair bills, medical and dental fees, pictures, stamps, etc., but the major part of the amount included was for the value of petitioner's time. [2] Some of the expenditures appear to have been made in 1967 and some of the time accounted for was in 1967 and 1969. *134 On February 7, 1968, Bonnie J. Webster, a neighbor of petitioner, signed a formal complaint charging petitioner with assault and battery upon Webster's person. The incident upon which the complaint was based allegedly took place in front of petitioner's home after petitioner had returned home from work in the evening. On February 8, 1968, petitioner was taken into police custody in connection with Webster's complaint. The case of Portland v. Michaelis arose from this complaint and was tried to a jury in the Municipal Court of Portland on May 24, 1968. Petitioner was represented by counsel and she was found not guilty and acquitted of the charges made. In respect of the events relative to the assault and battery charge and continuing throughout 1968, petitioner deducted $1,950 from her adjusted gross income on her 1968 Federal income tax return. The deduction was based on petitioner's computation of the value of her own time expended and costs incurred as a result of the assault and battery incident. Included in the computation were alleged out-of-pocket expenses for attorney's fees, bail, witness fees, private detectives, travel, honorarium fees, a raise postponed, etc., with about *135 one-third of the amount claimed to be for the value of petitioner's time. [3] 836 Opinion Petitioner was not represented by counsel and filed no brief in this proceeding, so it is uncertain under what section of the Internal Revenue Code of 1954 [4] she claims the deductions in dispute. They were claimed on her return as itemized deductions under the "Miscellaneous deductions" part of the return. Respondent determined that the deductions were not allowable as it "has not been established that the amount claimed was an ordinary and necessary business expense within the meaning of Section 162." In her petition, petitioner alleged as facts in support of her assignments of error that in order to continue working for the United States of America "it was necessary to remove the false arrest charge placed against *136 me," and that being able to drive was vital to her and her mother's existence in their homes where they had resided for 25 years, so it was important for her to clarify the details of the accident to the Court to "restore her excellent driving record." At the trial petitioner appeared to be taking the position that the amounts claimed were deductible as ordinary and necessary business expenses incurred to enable her to continue her employment. Inasmuch as the burden of proving the deductibility of the amounts involved is on petitioner, we will have to assume that this is the primary basis for petitioner's claim. However, if petitioner bases her claim for expenses incurred in relation to the automobile accident as a casualty loss, she has failed to prove that any of the expenses incurred, in excess of those allowed by respondent, were related to the automobile accident. Most of the medical and dental expenses included in petitioner's computation were paid long after the automobile accident and there is no evidence that petitioner was injured in the accident. Petitioner claimed a deduction *137 for medical expenses on her return, which respondent increased in the notice of deficiency, so we could not allow any of the amounts claimed as additional medical expenses on this record. Assuming then that petitioner is claiming that the expenditures in time and money are deductible as ordinary and necessary business expenses under section 162(a) of the Code, we conclude that they do not qualify as such. First, to be deductible as ordinary and necessary business expenses, the expenditures must be "directly connected with or pertaining to the taxpayer's trade or business." Section 1.162-1(a), Income Tax Regs. Personal, living, or family expenses, are not deductible under section 262. In United States v. Gilmore, 372 U.S. 39, at p. 49, the Supreme Court said: * * * the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and hence whether it is deductible or not under section 23(a)(2). [5]
Applying this reasoning to the facts in the instant case, it is clear that the claimed expenditures *138 did not originate in connection with petitioner's business of being an employee; it was only to avoid possible "consequences" to her employment that petitioner claims she made the expenditures. The automobile accident occurred while petitioner was on her way to work, i. e. commuting, which has time and again been held not to be a business related activity the expenses of which could be deducted under section 162(a). The expenditures were not directly related to the requirements or performance of petitioner's job. In fact, petitioner's claim relative to these expenditures was that they were necessary in order to permit petitioner to drive to and from her home. The assault and battery charge was not incurred in connection with petitioner's employment. It arose out of an alleged *139 incident that took place in front of petitioner's home after she had returned home from work. Bonnie Webster was not a fellow employee of petitioner; the altercation between petitioner and Webster, if it did occur, apparently arose out of ill feeling among petitioner and her neighbors. In all likelihood petitioner would have put up a defense to this charge whether it would 837 have any effect on her job or not, but at most petitioner claims only that it was necessary for her to defend against the charge "in order to continue working for the United States of America." Here again the origin and character of the incident with respect to which the claimed expenditures were incurred was personal and had no relationship to petitioner's business except for possible remote consequences thereto. The case of Nadiak v. Commissioner, 356 F. 2d 911 (C.A. 2), affirming a Memorandum Opinion of this Court, involved a very similar set of circumstances. There the taxpayer was employed as an airline pilot when he was arrested and charged with assault and battery. The case was scheduled for trial two days later but the charges were dismissed. Taxpayer claimed that the legal expenses *140 he incurred in defending against the charges were deductible as ordinary and necessary business expenses because conviction would have resulted in cancellation of his pilot's license. Both this Court and the Court of Appeals held that the origin of the expenses was personal, that only the potential consequences of the criminal proceeding posed a threat to the taxpayer's fortunes, and consequently, under Gilmore, the expenses incurred were nondeductible personal expenses and were not deductible under section 162(a). On similar reasoning we conclude that petitioner's claimed expenditures in respect of the assault and battery charge were personal expenditures and are not deductible under section 162(a) or any other section of the Code. We add, before concluding, that even if the incidents giving rise to the expenditures could be said to be directly related to petitioner's business, the value of petitioner's own time would not be a business deduction. [6] Furthermore, petitioner has failed to carry her burden of proving just how much of her time included in the computation and which of the cash expenditures were directly related to the automobile accident or the assault and battery charge, *141 much less to her business. Decision will be entered for the respondent. Footnotes
1. This case was classified by the Court as an "SC" case (involving $1,000 or less) when filed. It was removed from that category and treated as a regular Tax Court case on petitioner's motion.↩
2. Respondent allowed a deduction for the automobile repairs. Petitioner apparently had a second accident in November of 1968, the cost of repairs for which was included in the computation and allowed by respondent.↩
3. Respondent agreed to permit the introduction into evidence of petitioner's computations without agreeing to the amounts thereof or the purpose for which the expenditures of time and money were made, agreeing to make an effort to verify the computations later if necessary. In view of our ruling on the deductibility of these items such verification will not be necessary.↩
4. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
5. While the Supreme Court was concerned in Gilmore with whether the expenses were incurred in "conservation * * * of property held for the production of income" under section 23(a)(2) of the 1939 Code, its holding is equally applicable in determining whether expenses are deductible as "business" expenses under section 162(a) of the 1954 Code. Nadiak v. Commissioner, 356 F. 2d 911↩ (C.A. 2).
6. See Bernard M. Rice T.C. Memo. 1967-54; Ralph S. Clark T.C. Memo. 1966-22↩.