John J. Sullivan and Deborah A. Sullivan v. Commissioner.
Sullivan v. Commissioner
Docket No. 4893-70 SC.
United States Tax Court
T.C. Memo 1971-284; 1971 Tax Ct. Memo LEXIS 45; 30 T.C.M. (CCH) 1219; T.C.M. (RIA) 71284; November 8, 1971, Filed. John J. Sullivan, pro se, R.D. 1, Clement St., Sandwich, Mass. David L. Miller, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in the petitioners' Federal income tax for 1968 in the amount of $188.05. The issue is whether petitioners are entitled to a casualty loss deduction in 1968 in connection with an automobile accident in that year. Findings of Fact John J. Sullivan and Deborah *46 A. Sullivan, husband and wife, were residents of Sandwich, Massachusetts at the time their petition herein was filed. They filed a joint Federal income tax return for the year 1968 with the district director of internal revenue, Boston, Massachusetts. John J. Sullivan, hereinafter called the petitioner, is employed as a forester by the Massachusetts Department of Natural Resources. On the evening of November 25, 1968, while driving from his residence to purchase cigarettes in a nearby gasoline station, the petitioner lost control of his automobile which went off the road and tipped over. As a result of the accident the petitioner was charged with driving to endanger, drunkenness and leaving the scene of an accident. He was subsequently acquitted of these charges and in connection with the proceedings he incurred expenses for legal fees in the amount of $350 and related expenses of $41.20. Petitioner received $2,500 from the Calvert Insurance Co. of New York in compensation for the wrecked automobile. Petitioner claimed a casualty loss deduction on his 1968 income tax return in the amount of $986.20 computed as follows: Fair Market Value just prior to Acci-
dent
$2,795.00
Insurance reimbursement 2,500.00
Auto loss
$ 295.00
Legal fees and related expenses
391.20
Dental plates
350.00
Eye glasses 50.00
Total loss
$1,086.20
Less stat. limitation 100.00
$ 986.20
*47 Respondent disallowed the casualty loss deduction of $986.20 claimed by petitioner. Opinion The amount of a casualty loss deductible under section 165 of the 1954 Internal Revenue Code is the difference between the value of the damaged property immediately preceding the casualty and the value after the casualty but not in excess of an amount equal to the adjusted basis of the property. Donald G. Graham [Dec. 24,451], 35 T.c. 273 (1960). Petitioner has failed to meet his burden of showing that the fair market value of his automobile immediately preceding the accident was in excess of the amount ($2,500) recovered by him from the insurance company. Petitioner claims that his automobile had a fair market value of $2,795 just before the accident but he offers no reliable evidence to support this figure. Consequently, we must sustain respondent as to this portion of the claimed casualty loss in 1968. The second portion of petitioner's casualty loss involves the cost of replacing his dental plates ($350) and eyeglasses ($50) which were damaged in the automobile accident. It appears from the record that petitioner "very possibly" deducted the cost of his eyeglasses *48 as a medical expense on his Federal income tax return for a prior year (1967) and in all likelihood claimed a medical expense deduction for his dental plates in the year they were acquired (1964). There is nothing in the record to indicate otherwise. Consequently, petitioner's basis in these items would be zero. See section 1.1016-2(a), Income Tax Regulations. Since the amount of the casualty loss under the statute cannot exceed the adjusted basis of the property, it follows that petitioner is not entitled to a casualty loss deduction in 1968 for the items in question under section 165 of the 1954 Internal Revenue Code. [1]
Respondent recognizes that petitioner's expenditures would be deductible as medical expenses under section 213 of the 1954 Internal Revenue Code in the year such expenditures are made. We are satisfied on this record that petitioner paid $50 in 1221 1968 to replace his damaged eyeglasses and is therefore entitled to a medical *49 expense deduction for that amount. However, there is nothing in the record to show that the cost of the dental plates was paid by petitioner in 1968 and, in fact, petitioner's own testimony strongly suggests that the payment was actually made in 1969. The third portion of petitioner's casualty loss involved legal fees and expenses in the amount of $391.20. Petitioner testified that he incurred these expenditures in successfully defending himself against the charges brought against him as a result of the automobile accident. It is clear that such expenditures cannot qualify as a casualty loss since section 165 (c)(3) of the 1954 Internal Revenue Code explicitly limits the allowable deduction in the case of an individual to casualty losses of "property." At the trial petitioner argued in the alternative that he felt he had to defend himself against the charges in order to prevent dismissal from his State job. Whether the argument is aimed at section 162 or section 212 of the 1954 Internal Revenue Code we must reject it. It is obvious that the automobile accident, which occurred while he was on a purely personal errand in the evening to purchase cigarettes, had no connection whatever *50 with his trade or business of being a State employee and consequently the legal expenses arising out of such accident are nondeductible personal expenses rather than ordinary and necessary expenses incurred in carrying on a trade or business within the meaning of section 162 of the 1954 Internal Revenue Code. Nor do the expenditures qualify for deduction under section 212 of the 1954 Internal Revenue Code. In Nadiak v. Commissioner, 356 F. 2d 911 (C.A. 2, 1966), affirming a Memorandum Opinion of this Court, the taxpayer (an airline pilot) was denied a deduction for legal expenses incurred in defense against criminal charges of assault and battery even though the consequence of taxpayer's possible conviction on either or both of the crimes with which he was charged might have been the loss of his airline pilot certificate. In denying the deduction under section 212 of the 1954 Internal Revenue Code, this Court relied upon United States v. Gilmore, 372 U.S. 39 (1963), in which case the Supreme Court adopted the view that "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes *51 of the taxpayer, is the controlling basic test of whether the expense was 'business' or 'personal' * * *." It is clear that petitioner's expenses here were personal in nature. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. It is obvious that amounts currently deducted when the eyeglasses and the dental plates were first obtained cannot also be considered as part of the basis of such items and again deducted as casualty losses in a subsequent year.↩