DANIEL PRICE AND MARIE PRICE, Petitioners v. COMMISSIONER OF INTERNAL, REVENUE, Respondent
Price v. Commissioner
Docket No. 7438-70.
United States Tax Court
T.C. Memo 1973-65; 1973 Tax Ct. Memo LEXIS 221; 32 T.C.M. (CCH) 283; T.C.M. (RIA) 73065; March 22, 1973, Filed Landrum J. Outlaw, for the petitioners. Shepherd S. Neville, for the respondent. 2 DAWSON
MEMORANDUM OPINION
DAWSON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Taxable Year
Deficiency
1965
$2,872.27
1966
1,261.14
Petitioners did not allege error with respect to the deficiency determined for the year 1966. They have also conceded that a $2,500 restitution payment in 1965 was properly treated by respondent as a capital loss. The only issue presented for our decision is whether the *222 petitioner Daniel Price is entitled to deduct as an ordinary and necessary business expense a $5,000 legal fee paid in 1965 in his unsuccessful defense of criminal prosecution for the fraudulent sales of stock, held as a capital asset, in the Amiloan Corporation. All of the facts are stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference and are adopted as our findings. The pertinent facts are summarized below. The petitioners Daniel and Marie Price were residents of Washington, D.C. when they filed their petition in this proceeding. They filed their joint Federal income tax return for the year 1965 with 3 the district director of internal revenue at Baltimore, Maryland. Marie Price is a party in this case only because she filed a joint return with Daniel Price. During the year 1960 Daniel Price (herein called petitioner) was involved in the formation of the Amiloan Corporation of Washington, D.C., which was to engage in the business of a savings and loan association. Petitioner's activities in regard to Amiloan consisted of finding the appropriate location to serve as the place of business for the corporation, *223 assembling and studying data concerning savings and loans associations, and procuring depositary accounts. He also served as a management consultant to the corporation during the years 1960 and 1961. Petitioner derived and reported $31,300 on his 1961 Federal income tax return as compensation for services rendered to Occidental Catering Co. and 215 West 33rd Street Corporation during the taxable year 1961.
During 1961 the petitioner sold lots of Amiloan stock, which had been purchased in 1960 and 1961, realizing a total gain of $45,637.50. This gain was reported on his 1961 Federal income tax return as gain from the sale of capital assets. In connection with these sales of the Amiloan capital stock, petitioner was indicted and convicted of having criminally violated 4 the provisions of 15 U.S.C., section 77(q) (a) (fraudulent sale of securities); and 18 U.S.C., section 371 (conspiracy). He was required by the United States District Court to make restitutions to the investors of the Amiloan capital stock so sold. The restitutions were $2,500 and $2,915.56 in the years 1965 and 1966, respectively. In his unsuccessful defense *224 against the prosecution the petitioner incurred and paid a legal fee of $5,000. In addition to the sale of Amiloan stock, petitioner realized a gain of $35,753.45 from the purchases and sales of stock in other corporations. Such gain was also reported on his 1961 Federal income tax return as gain from the sale of capital assets. During 1965 the petitioner entered into one transaction involving the sale of a capital asset. Upon that sale he sustained a loss of $5,906.20. Petitioner's income for the taxable year 1965 consisted of $31,585 in salary, $9,736.99 in dividends, and $293.69 in interest. In his 1965 Federal income tax return the petitioner claimed the $5,000 legal fee as a miscellaneous deduction. This was disallowed by respondent, but in lieu thereof he allowed a $5,000 capital loss. Petitioner contends that the $5,000 legal fee paid for his defense of criminal prosecution was an ordinary and necessary business expense under section 162(a), Internal Revenue Code of 1954. 5 He claims that it was related to "his business of purchasing and selling securities," and therefore has the same character as the legal fee paid in Commissioner v. Tellier, 383 U.S. 687 (1966). *225 Petitioner does not claim that the legal fee is deductible under section 212 as an expense incurred for the production of income or for the conservation of property held for the production of income. To the contrary, respondent contends that the $5,000 constitutes a capital expenditure. He argues that the origin of the expense was an integral part of a capital transaction. United States v. Gilmore, 372 U.S. 39 (1963). Even though the legal expense was incurred in a year later than the disposition of the stock, respondent says that it acquired its proper classification in the year of disposition. Arrowsmith v. Commissioner, 344 U.S. 6 (1952). In Woodward v. Commissioner, 397 U.S. 572 (1970), and United States v. Hilton Hotels Corporation, 397 U.S. 580 (1970), the Supreme Court reiterated and clarified the proper treatment to be accorded legal and other expenses incurred in the disposition of capital assets. In discussing the standard for determining the deductibility of expenses related thereto, the Supreme Court said that the proper *226 inquiry in whether the origin of the claim litigated is in the process of acquisition or disposition itself. 6 Respondent argues that in view of the specific charges contained in the criminal indictment, the action against which the petitioner defended himself arose directly from the process of disposition of the Amiloan stock. He asserts that the counts of the indictment are based upon the steps taken by petitioner that constituted the process of disposition of the Amiloan stock, and points out that it is undisputed that the stock was held by petitioner as a capital asset. He says the petitioner, a corporate officer, invested his extra income in stocks, and in an overzealous attempt to maximize his gains he used a process of disposing of the stock, the mechanics of which violated Federal law. Thus, he argues that the expense for legal fees was directly caused by the process of disposing of the stock and was incurred in the same capacity that petitioner occupied upon the disposition, i.e., an investor in the capital stock of Amiloan. In our opinion the legal fee is not deductible as an ordinary and necessary business expense. We think petitioner's reliance on Commissioner v. Tellier, supra, *227 is misplaced.At most, Tellier holds merely that a deduction for an expenditure for legal fees which otherwise meets the statutory test as an "ordinary and necessary" business expense is not to be disallowed on grounds of "public policy" except in certain limited situations. To qualify for deduction, the expenditure must still satisfy the 7 statutory requirement that it was an "ordinary and necessary" expense incurred in carrying on the taxpayer's trade or business.[1] Cf. Nadiak v. Commissioner, 356 F.2d 911 (C.A. 2, 1966). The burden in this respect is upon the taxpayer. Welch v. Helvering, 290 U.S. 111 (1933). The facts of this case stand in sharp contrast to those in the Tellier case. In that case the Supreme Court had before it the expenses of a registered security dealer who was the principal partner in a partnership engaged in the business of underwriting and trading in securities. The stock sold by Walter Tellier was held for sale to customers in the ordinary course of his business. *228 Here the petitioner was not engaged in the "business" of buying and selling securities. He held his Amiloan stock, as he did other stocks, only as a capital asset. He was a corporate executive who was rendering services to the Occidental Catering Company. He was also a management consultant to Amiloan Corporation. His activities with respect to the purchase and sale of stock in both 1961 and 1965 cannot be characterized as anything other than that of an investor. In United States v.. Gilmore, supra at page 49, the Supreme Court said it favored "the view that the origin and character of 8 the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business' or "personal" and hence whether it is deductible or not." On the record before us in the instant case, it is our view that the legal fee in question is nondeductible. It did not arise out of and was not immediately and proximately related to the conduct of petitioner's business. Accordingly, we sustain respondent's determination. Decision will be entered under Rule 50. Footnotes
1. See and compare Irving Don, T.C. Memo. 1971-130↩.