ERNEST G. HYLTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hylton v. Commissioner
Docket No. 7498-71.
United States Tax Court
T.C. Memo 1973-262; 1973 Tax Ct. Memo LEXIS 27; 32 T.C.M. (CCH) 1238; T.C.M. (RIA) 73262; November 27, 1973, Filed Ernest G. Hylton, pro se. Rudolf L. Jensen, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax for the calendar year 1968 in the amount of $1,074.47. The sole issue is whether a legal fee of $4,500 which petitioner paid in 1968 for his defense against a murder charge was a personal, nondeductible expenditure under section 262 of the Internal Revenue Code of 1954. 2 FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner Ernest G. Hylton (Ernest) was a resident of Ballard, Monroe County, West Virginia, when the petition herein was filed. He had filed his individual income tax return for 1968 with the district director of internal revenue, *28 Parkersburg, West Virginia, on which he had claimed a miscellaneous itemized deduction of $4,500. The sole explanation of the deduction on the return was "legal fees." In about March 1967 petitioner and his wife, Ella Louise, separated and she left petitioner's home. On April 9, 1967, petitioner went to the house where his wife was living in order to get her signature on their 1966 Federal income tax return and during the course of that visit petitioner got into an altercation with his wife's brother and sister-in-law, John Henry Brewer and Nora F. Brewer, during the course of which petitioner shot and killed them both. Petitioner had had violent quarrels with the Brewers for about a year prior to this time and testified that John Henry Brewer had held him at gunpoint during a quarrel in August 1966 and had threatened to shoot petitioner in December 1966, causing petitioner to feed his cattle and hogs in the dark because John Henry Brewer had threatened, "let him turn the light on, I'll pick it out of his hand." 3 Ernest was indicted by a grand jury in Monroe County, West Virginia, for the murders of the Brewers on July 11, 1967, and in October of that year he was tried *29 for the murder of Nora F. Brewer and acquitted. Ernest's wife was not allowed to testify at this trial but Ernest understood that she would be allowed to testify at the trial for the murder of John Henry Brewer which occurred in July 1968, and consequently he employed legal counsel to represent him at this second trial which also resulted in a verdict of acquittal. Ernest paid the $4,500 attorney's fee incurred in his defense in 1968. In the statutory deficiency notice the Commissioner determined that no part of the above fee was deductible because "it is a non-deductible personal expense under section 262 of the Internal Revenue Code [of 1954]." OPINION Petitioner does not contend that the legal fee in question was related to his business or profit seeking activities in any way except to argue that they "were necessary to the continuation of his business, and that had he been unable to successfully defend himself against said charges his business would have been entirely destroyed." Petitioner augmented 4 the above statement by testifying, "if I'd have got any time, I couldn't have worked, and by getting free, that turned me lose [sic] to go *30 on." The difficulty with petitioner's position is that he is considering only the consequences of an adverse result in the second murder trial, whereas it is the origin of the controversy that is controlling. As stated by the United States Supreme Court in United States v. Gilmore, 372 U.S. 39 (1963), reversing and remanding 290 F.2d 942 - The origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and hence whether it is deductible * * * See also Nadiak v. Commissioner, 356 F.2d 911 (C.A. 2, 1966), affirming a Memorandum Opinion of this Court. Under the facts of this case we must hold that the $4,500 legal fee was in its entirety a nondeductible personal expense under section 262 of the Internal Revenue Code of 1954. Decision will be entered for the respondent.