T.C. Summary Opinion 2004-23

UNITED STATES TAX COURT

BENJAMIN C. KENT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6490-03S.        Filed March 9, 2004.

Benjamin C. Kent, pro se.

<u>Taylor Cortright</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's 1999 and
2000 Federal income taxes and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1999 | $14,016   | $2,803.20            |
| 2000 | 8,005     | 1,601.00             |

After concessions,[1] the issues for decision are:  (1) Whether
petitioner is entitled to dependency exemption deductions for the
1999 and 2000 taxable years for his brother Bennard Kent; (2)
whether petitioner is entitled to "head of household" filing
status for the 1999 and 2000 taxable years;[2] (3) whether
petitioner is entitled to deductions for moving expenses of
$29,500 for the 1999 taxable year and $13,660 for the 2000
taxable year; (4) whether petitioner is entitled to home mortgage
interest deductions of $17,978[3] for the 1999 taxable year and

---

[1]  Petitioner concedes that he is not entitled to the
Schedule C, Profit or Loss From Business, loss in the amount of
$30,319 for the 2000 taxable year.  Respondent concedes that
petitioner is entitled to the additional student loan interest
deduction of $48 for the 1999 taxable year.  In the notice of
deficiency, respondent determined that petitioner was not
entitled to certain itemized deductions.  Respondent, however,
failed to allow petitioner a standard deduction.  See sec. 63(b).
Respondent concedes that, if we conclude that petitioner is not
entitled to itemized deductions for 1999 and 2000, then
petitioner would be entitled to the standard deduction for the
corresponding taxable year.

[2]  Respondent determined that petitioner was entitled to a
filing status of "single" for the 1999 and 2000 taxable years.

[3]  Petitioner claimed a home mortgage interest deduction of
$21,200 for the 1999 taxable year.  After an examination of
(continued...)

$20,614 for the 2000 taxable year; (5) whether petitioner is entitled to a deduction for unreimbursed employee expenses of $1,125 for the 1999 taxable year; (6) whether petitioner is entitled to a deduction for casualty and theft loss of $6,800 for the 1999 taxable year; and (7) whether petitioner is liable for accuracy-related penalties under section 6662(a) for the 1999 and 2000 taxable years.

Petitioner resided in Dumfries, Virginia, at the time of filing his petition. Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. For convenience we combine our findings of fact and conclusions.

Petitioner filed timely Federal income tax returns for taxable years 1999 and 2000. In each return, petitioner claimed a dependency exemption deduction for his brother Bennard Kent and head-of-household filing status. Petitioner also claimed the following deductions, expenses, and losses:

| Deduction, Expense, or Loss | 1999 | 2000 |
| --- | --- | --- |
| Moving expenses | $29,500 | $13,660 |
| Home mortgage interest | 21,200 | 20,614 |
| Unreimbursed employee expenses | 1,125 | --- |
| Casualty and theft loss | 6,800 | --- |

[3](...continued)
petitioner's 1999 Federal income tax return, respondent determined that petitioner was entitled to a home mortgage interest deduction of $3,222.

A taxpayer is generally required to substantiate deductions by keeping books and records sufficient to establish the amount of the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Deductions are a matter of legislative grace, and generally the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The burden of proof has not shifted to respondent pursuant to section 7491(a). While examination of the tax returns in issue commenced after July 22, 1998, petitioner has not satisfied any of the criteria of section 7491(a)(2)(A) and (B). Indeed, we found petitioner's testimony to be questionable; his testimony was at times vague, evasive, or inconsistent with documents made part of this record.

1. Dependency Exemption Deductions

A taxpayer is allowed a deduction for a dependent over half of whose support is provided by the taxpayer. Secs. 151(a), (c)(1), 152(a). The term "dependent" includes a brother of the taxpayer. Sec. 152(a)(3). The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each of the claimed dependents furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). The amount of support that the claimed dependent received from the

taxpayer is compared to the entire amount of support the individual received from all sources.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In the present case, petitioner did not provide any documentary evidence to substantiate his self-serving testimony that he provided over half the support of his brother Bennard Kent during the years in issue.  The Court is not required to accept petitioner's self-serving testimony.  Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).  We sustain respondent's determination that petitioner is not entitled to dependency exemption deductions for the 1999 and 2000 taxable years for his brother Bennard Kent.

2.  Filing Status

To qualify for head of household, a taxpayer must satisfy the requirements of section 2(b).  Under section 2(b), a taxpayer shall be considered a head of household if he or she is not married at the close of the taxable year, is not a surviving spouse, and, among other choices, maintains as his or her home a household which constitutes for more than half of such taxable year the principal place of abode, as a member of such household, of either an unmarried descendant of a son or daughter of the taxpayer, or any other person who is a dependent of the taxpayer if the taxpayer is entitled to a deduction for the taxable year for such person under section 151.  Sec. 2(b)(1)(A); sec. 1.2-

2(b)(3)(ii), (c)(1), Income Tax Regs.  A taxpayer shall be considered as maintaining a household only if he or she pays more than one-half of the cost thereof for the taxable year.  Sec. 1.2-2(d), Income Tax Regs.

In the present case, respondent determined that petitioner was not entitled to head-of-household filing status for 1999 and 2000.  Petitioner was married to Vivian Eastman-Kent (hereinafter Mrs. Eastman-Kent) during the years in issue.  We have also sustained respondent's determination that Bennard Kent was not petitioner's dependent.  Either ground precludes petitioner from being entitled to head-of-household filing status.  Respondent's determination is sustained.[4]

3.  Moving Expenses

Section 217 permits a deduction for "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work."  The term "moving expenses" does not include any expenses for meals.  Sec. 217(b)(1).  The term also does not include either the cost of pre-move househunting trips or the cost of temporary living

---

[4]  Respondent's determination that petitioner is entitled to filing status of single is inconsistent with the findings in this record.  However, respondent does not argue that petitioner's filing status is married filing separately or assert an increase in deficiency as a result of these findings.  We therefore do not disturb, and indeed accept, respondent's determination.

expenses in the general location of the new job.  H. Conf. Rept. 103-213, at 592 (1993), 1993-3 C.B. 393, 470.  The term "moving expenses" means only the reasonable expenses of moving household goods and personal effects from the former residence to the new residence and of traveling (including lodging) from the former residence to the new place of residence.  Sec. 217(b)(1).

To qualify for the deduction, the taxpayer must satisfy the conditions regarding both distance to the taxpayer's new principal place of work as set forth in section 217(c)(1) and duration of full-time employment as set forth in section 217(c)(2).  The condition of section 217(c)(2) shall not apply "if the taxpayer is unable to satisfy such condition by reason of * * * involuntary separation (other than for willful misconduct) from the service of, or transfer for the benefit of, an employer after obtaining full-time employment in which the taxpayer could reasonably have been expected to satisfy such condition."  Sec. 217(d)(1)(B).

If claimed deductions are not adequately substantiated, we may estimate them, provided we are convinced that the taxpayer incurred such expenses and we have a basis upon which to make an estimate.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioner moved three times during the years in issue--
twice in 1999 and once in 2000.  During the first move, he
relocated in February 1999, from Savage, Minnesota, to Charlotte,
North Carolina, to work for Alcoa as a senior electrical
engineer.  During the second move, petitioner relocated in
October 1999, from Charlotte, North Carolina, to either
Louisville, Kentucky, or Jeffersonville, Indiana, to work for
Tower Automotive.[5]  During the third move, petitioner moved to
Philadelphia, Pennsylvania, in August 2000, to begin law school.

Petitioner claimed a deduction for moving expenses of
$29,500 for 1999.  For his first move in 1999, from Minnesota to
North Carolina, petitioner presented two documents, each entitled
"Moving Expense Statement", that he submitted to Alcoa for
reimbursement.[6]  Such statements cover a period from April 1999

---

[5]  The record is unclear as to where petitioner actually
moved.  At the time of trial, petitioner testified that he moved
from Charlotte, N.C., to an apartment in Louisville, Ky.  His
testimony is inconsistent and does not correspond with all of the
documents in the record.  For example, petitioner presented a
"Household Goods Descriptive Inventory" dated Oct. 19, 1999,
which indicates a "loading address" in Savage, Minn., and a
destination of Louisville, Ky.  However, petitioner also provided
a receipt for cable installation on Oct. 30, 1999, for an
apartment in Jeffersonville, Ind.  Moreover, Tower Automotive
listed petitioner's address at Jeffersonville, Ind., on his Form
W-2, Wage and Tax Statement, for 1999.

[6]  Petitioner also presented a receipt dated July 13, 1999,
regarding furniture purchased in Charlotte, N.C., and numerous
receipts for car rentals in Charlotte, N.C., from late June 1999
to early October 1999.  Petitioner, however, testified that he
stopped working for Alcoa in June 1999, when it terminated his
(continued...)

to June 9, 1999, and do not correspond with petitioner's testimony that he moved to North Carolina in February 1999. Moreover, most of the expenses listed on these statements do not constitute "moving expenses" under section 217, because they relate to expenditures for food, lodging for the purpose of "interim living", and miscellaneous expenses such as "phone cards, city maps and other items". For the remaining expenses listed on these statements--such as "extra luggage charged", airfare, and unspecified transportation expenses for the period from May to June 9, 1999--petitioner did not provide the underlying receipts or supporting documentation.

For his second move in 1999, from North Carolina to either Kentucky or Indiana, petitioner presented to respondent various receipts for food, clothing, gasoline, PakMail, post office mailings, and other personal items from July to December 1999. However, none of these receipts was made part of the record. Petitioner instead provided the Court documents entitled "Expense Voucher" that he submitted to Tower Automotive for reimbursement, without any supporting receipts. Most of the expenses listed on such vouchers do not constitute moving expenses under section 217, because they are expenses for food, apartment lease/rental, hotel stays, and city maps. Petitioner did not provide the

---

[6](...continued)
employment.

underlying receipts or supporting documentation for the remaining expenses listed on such vouchers.

Petitioner claimed a deduction for moving expenses of $13,660 for 2000.  He presented a receipt relating to the move from Jeffersonville, Indiana, to Philadelphia, Pennsylvania, in the amount of $1,315.  This move was in connection with the commencement not of work, but of law school, and thus, any costs incurred and associated with this move are not allowed as a deduction under section 217.

While petitioner incurred some costs for his three moves, most of his costs did not constitute moving expenses as defined under section 217.  Further, petitioner failed to substantiate his claimed moving expenses with documentary evidence such as vendor receipts, credit card statements, canceled checks, or airline tickets.  Petitioner's testimony also was not credible. Accordingly, since the record provides no basis for making an estimate, we decline to invoke Cohan v. Commissioner, supra.  We sustain respondent's determination on this issue.

4.  Itemized Deductions

Petitioner claimed itemized deductions for home mortgage interest, unreimbursed employee expenses, and casualty and theft loss.  Because petitioner is not entitled to these itemized deductions, as we discuss later, and because any remaining itemized deductions are not in excess of the applicable standard

deduction, petitioner is entitled to the standard deduction for 1999 and 2000.

a.  <u>Home Mortgage Interest</u>

Petitioner claimed itemized deductions for home mortgage interest expense of $21,200 for the 1999 taxable year and $20,614 for the 2000 taxable year.  Respondent decreased the claimed amount for 1999, allowing a deduction of $3,222, and disallowed the claimed deduction for 2000 in full.

Mortgage interest is generally deductible under section 163(a), subject to the requirements of section 163(h). Petitioner, however, has not substantiated that he paid mortgage interest expense of any amount in 1999 or 2000.  We therefore sustain respondent's determination on this issue.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

b.  <u>Unreimbursed Employee Expenses</u>

Petitioner claimed a deduction for unreimbursed employee expenses of $1,125 for 1999.

"It is clear that an individual may be in the trade or business of being an employee and that ordinary and necessary expenses incurred in that trade or business are deductible under section 162."  <u>Kurkjian v. Commissioner</u>, 65 T.C. 862, 869 (1976). Petitioner, however, has not provided any evidence to substantiate either the existence or amount of any unreimbursed

employee expenses in 1999.  We therefore sustain respondent's
determination on this issue.

     c.  <u>Casualty and Theft Loss</u>

Petitioner claimed a deduction for a casualty and theft loss
of $6,800 for the 1999 taxable year.  He contends that this loss
was attributable to a "computer display, camera, books and side
tables that [he] lost at the storage in Louisville, Kentucky, and
the basement of a family friend."  Petitioner further contends
that he did not recover from any insurance claims.

In general, a taxpayer is entitled to deduct any loss
sustained during the taxable year and not compensated for by
insurance or otherwise.  Sec. 165(a).  Where the loss is not
connected with a trade or business or a transaction entered into
for profit, the deduction is limited to losses arising "from
fire, storm, shipwreck, or other casualty, or from theft" and the
requirements of section 165(h).  Sec. 165(c)(3).  Petitioner,
however, has not substantiated either the existence or the amount
of any casualty or theft loss in 1999.  We therefore sustain
respondent's determination on this issue.

5.  <u>Accuracy-Related Penalties Under Section 6662(a)</u>

The Commissioner has the "burden of production in any court
proceeding with respect to the liability of any individual for
any penalty" under section 6662(a).  Sec. 7491(c); <u>Higbee v.
Commissioner</u>, 116 T.C. 438, 446-447 (2001).  Section 6662(a)

imposes an accuracy-related penalty in the amount of 20 percent of the portion of the underpayment of tax attributable to negligence or disregard of rules or regulations. See sec. 6662(b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws and includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. See sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. See sec. 6664(c).

On the basis of the record, we conclude that petitioner is liable for the accuracy-related penalties under section 6662(a). Petitioner claimed various deductions for expenses that he could not substantiate. Indeed, petitioner claimed a Schedule C, Profit or Loss From Business, loss in the amount of $30,319 for the 2000 taxable year, but later he conceded that he was not

entitled to such loss.  Petitioner also filed as a head of household for 1999 and 2000 when he was married to Mrs. Eastman-Kent.  Petitioner has not shown that he acted in good faith in claiming these amounts.  Respondent has met his burden of production under section 7491(c).  We conclude that petitioner's actions were not those of a reasonable and prudent person under the circumstances.  Thus, we sustain respondent on this adjustment.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered under Rule 155.