**Ellis M. BRYDIA and Thelma M. Brydia, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 19367.**

United States Court of Appeals, Third Circuit.

Argued Sept. 27, 1971.

Decided Oct. 20, 1971.

Hastie, Circuit Judge, concurred in a separate opinion.

1. *See* N. L. R. B. v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

Peter J. Ressler, Nabors & Ressler, Harrisburg, Pa., for appellants.

Virginia M. Hopkins, Dept. of Justice, Tax Div., Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, Mary J. McGinn, Attys., Tax Div., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Appellant Ellis M. Brydia,* in addition to his employment as a naval engineer, devoted substantial time and resources toward serving as a religious evangelist. For the tax years 1965 and 1966 appellant deducted from his income as a naval employee his expenses incurred during the course of his work as an unpaid evangelist. The Tax Court sustained the Commissioner's challenge to these deductions and the assessment of tax deficiencies reasoning that, in view of appellant's express disaffirmance of any profit motive in his work as an evangelist, such activities could not constitute a "trade or business" within the meaning of section 162, Internal Revenue Code of 1954. It therefore concluded that appellant was not entitled to deduct the expenses thereof from the income derived from his nonevangelical means of employment. Taxpayers appealed.

* Thelma M. Brydia is a party by virtue of the joint returns filed by the appellants for the taxable years in issue.

Although the results may seem unfortunate in some respects, we think the reasoning of the Tax Court, as set forth in T. C. Memo 1970–147, is a correct application of law to these facts. *See* Lamont v. Commissioner of Internal Revenue, 339 F.2d 377 (2d Cir. 1964). We are not concerned with the possible use of any of these expenses as charitable contributions.

The judgment of the Tax Court will be affirmed.

HASTIE, Circuit Judge (concurring).

I agree with the result reached in the circumstances of this case of a taxpayer who is engaged both in full time salaried employment as an engineer and in spare time uncompensated work as an evangelist. However, I am far from sure that the fact that expenses have been incurred in work undertaken without a profit motive is enough in itself and in all cases, as the Tax Court and this court seem to say, to preclude a deduction of expenses incurred in such activity from gross income as expenses of a "trade or business." Upon that all comprehensive and unqualified proposition, I reserve judgment.