JOHN KURKJIAN AND MARY KURKJIAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2429-73.    Filed January 29, 1976.

*Harry E. Barnes,* for the petitioners.
*Robert E. Casey,* for the respondent.

### OPINION

Petitioner maintains that he is entitled to a deduction for the attorney fees paid in the years 1968, 1969, 1970, and 1971 in defense of law suits commenced against him by the St. James Armenian Church. Petitioner has submitted four alternative grounds upon which he bases his claim for the deduction of these attorney fees.

### *Trade or Business Expenses: Section 162*

Petitioner first argues that he was in the trade or business of rendering services to his church and that the attorney fees were ordinary and necessary expenses incurred in that trade or business. Respondent argues that petitioner's church activities did not constitute a trade or business and that the attorney fees incurred by petitioner are nondeductible personal expenses under section 262. We agree with respondent.

It is well established that a genuine profit motive must exist before an activity constitutes a trade or business within the meaning of section 162. *Brydia v. Commissioner,* 450 F.2d 954 (3d Cir. 1971), affg. per curiam a Memorandum Opinion of this Court; *Lamont v. Commissioner,* 339 F. 2d 377 (2d Cir. 1964), affg. a Memorandum Opinion of this Court; *Hirsch v. Commissioner,* 315 F. 2d 731 (9th Cir. 1963), affg. a Memorandum Opinion of this Court. Petitioner voluntarily performed services for his church and never received or expected to receive compensation for his services.

Recognizing that the courts have uniformly required that an activity be carried on for profit before characterizing it as a trade or business, petitioner would have us establish an exception in his case. The grounds for the exception proposed by petitioner are the amount of time he spent working for the church and the alleged business contacts he was able to make through his church activities. Although petitioner argues that his church activities enabled him to make business contacts, he has not pointed to a single instance wherein his business as an investor and real estate developer was enhanced by virtue of his church activities. With regard to the amount of time petitioner devoted to the church,

the following excerpt from the Ninth Circuit's opinion in *Hirsch v. Commissioner, supra* at 736, is apposite:

From the very import of Section 23 [referring to sec. 23(a)(1)(A), the 1939 Code predecessor of sec. 162(a)], which presupposes that the taxpayer has received taxable income before deductions can be taken therefrom, it is clear that Congress intended that the profit or income motive must first be present in and dominate any taxpayer's "trade or business" before deductions may be taken. While the expectation of the taxpayer need not be reasonable, and immediate profit from the business is not necessary, nevertheless, the basic and dominant intent behind the taxpayer's activities, out of which the claimed expenses or debts were incurred, must be ultimately to make a profit or income from those very same activities. * * * Absent that basic and dominant motive, the taxpayer's activities, no matter how intensive, extensive or expensive, have not been construed by the Courts as carrying on a trade or business within the purview of Section 23. * * *

We are not persuaded that an exception to the prerequisite of the existence of a genuine profit motive should be made in this case. The deduction provided by section 162 is justified on the ground that expenses incurred in a trade or business can be characterized as the cost of producing the income therefrom. Where an individual engages in activity not for profit, there is no justification for deducting the expenditures related to that activity.

Nor are the attorney fees deductible as expenses incurred in petitioner's trade or business as an investor and real estate developer. The test that determines the deductibility of these expenditures was established by the Supreme Court in *United States v. Gilmore,* 372 U.S. 39, 49 (1963):

the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and hence whether it is deductible or not under section 23(a)(2) [2] * * *

The Supreme Court's reasoning in *United States v. Gilmore, supra,* is equally applicable in determining whether legal expenses are deductible under section 162 or section 212. *Nadiak v. Commissioner,* 356 F. 2d 911 (2d Cir. 1966), affg. a Memorandum Opinion of this Court The attorney fees paid by petitioner originated from his church association and not from his position as an investor and developer. Under the test established by the

---

2 Sec 23(a)(2) was the 1939 Code predecessor of sec. 212.

Supreme Court in *United States v. Gilmore, supra,* these expenses are not deductible.

*Unreimbursed Employee Expense: Section 162*

Petitioner argues that the attorney fees are deductible under section 162 as expenses incurred as a result of performing duties as an employee. Respondent answers that petitioner was never an employee of the St. James Church or any other church and that the attorney fees are nondeductible personal expenses. We agree with respondent.

It is clear that an individual may be in the trade or business of being an employee and that ordinary and necessary expenses incurred in that trade or business are deductible under section 162. *David J. Primuth,* 54 T.C. 374 (1970); *Harold A. Christensen,* 17 T.C. 1456 (1952); *Benjamin Abraham,* 9 T.C. 222 (1947). Although petitioner performed many services for the church, he was not employed by the church, at least not in the sense contemplated by the income tax law. The California statutes and cases, cited by petitioner, are not relevant in determining whether petitioner's relationship to his church justifies allowing deductions from income for expenses arising out of that relationship. Nor is section 3121(d), cited by petitioner, relevant to this inquiry. That section defines an employee for purposes of the employment taxes but has no relevance to section 162.

Whether or not an individual is an employee is not the critical question for purposes of the deduction under section 162. The critical question is whether he is in the trade or business of being an employee. Under section 162 there must be a genuine profit motive in order for an activity to constitute a trade or business. *Lamont v. Commissioner, supra; Hirsch v. Commissioner, supra.* Certainly no less stringent requirement should be established in order to characterize a taxpayer as being in the trade or business of being an employee. Petitioner admits that he never received nor expected to receive compensation or pecuniary benefit from his church association. Many churches and other charitable organizations depend to a large degree upon lay leaders to perform services for which business organizations would ordinarily have to pay. When these services are rendered gratuitously and are motivated by the personal and charitable impulses of the individual, such an individual is not in the trade

or business of being an employee of the organization. This is so regardless of whether the individual is classified as an employee for purposes of State law relating to agency or workmen's compensation.

## Deduction Under Section 212

Petitioner's third argument in support of the deductibility of the attorney fees is based on section 212. Although petitioner would have us characterize the attorney fees as deductible non-business expenses, he does not indicate whether he considers the fees to have been paid for the production or collection of income or rather for the management, conservation, or maintenance of property held for the production of income. Respondent characterizes these expenses as nondeductible personal expenses under section 262.

Petitioner hired legal counsel to assist in his defense against four suits brought against him by St. James for breach of fiduciary duty. In one of the four suits petitioner filed a cross-complaint based upon the church's failure to make principal and interest payments on certain personal loans made by petitioner to the church. This suit was settled by the parties prior to trial and we will consider the deductibility of the attorney fees associated with this suit separately from the other suits.

The other three cases (two of which were consolidated for trial) were tried in the California courts and St. James prevailed in each. We agree with respondent that the attorney fees associated with these three cases are fully nondeductible personal expenses.

These legal fees were not incurred for the production or collection of income, nor did they arise in connection with any profit-seeking or income-producing activity. These expenditures represent nothing more than the cost of the petitioner's defense against the church's allegations of fraud, deceit, and misrepresentation. No income could have been or was expected to be realized by the petitioner as a result of these expenditures. There is no basis for allowing a deduction for these expenses under section 212(1).

Neither do the facts support an argument under section 212(2) that these legal fees were incurred for the management, conservation, or maintenance of property held for the production of income. None of petitioner's property was in issue except to the

extent that his property may have been used to satisfy the judgments rendered in these cases. Legal fees are not deductible merely because they are for services which may relieve a taxpayer of liability. *Lykes v. United States,* 343 U.S. 118 (1952). As the Supreme Court said in *United States v. Gilmore, supra,* with respect to the deductibility of legal fees under the predecessor of section 212, it is the origin and character of the claim with respect to which an expense is incurred, rather than its potential consequences upon the fortunes of the taxpayer that controls whether the expense is business or personal. The origin of petitioner's legal fees associated with these three actions was personal. The expenditures, therefore, represent nondeductible personal expenditures under section 262.

The case which was settled by the parties prior to trial presents a different problem. In that case petitioner filed a cross-complaint for the collection of principal and interest on two personal loans he had made to St. James. As a part of the settlement petitioner agreed to cancel the indebtedness. With respect to this case, the total amount expended by petitioner for legal fees was $5,000.

Legal fees incurred in connection with a suit to recover interest on a loan are deductible under section 212(1), but that portion of the legal expenses attributable to the collection of the principal of the loan are not deductible. *Daniel S. W. Kelly,* 23 T.C. 682 (1955), affd. 228 F. 2d 512 (7th Cir. 1956).[3] Petitioner was unable to suggest any allocation of the $5,000 paid in attorney fees between the costs of defending the claims brought by the church, the costs attributable to the collection of principal owed petitioner, and the costs attributable to the collection of interest owed to petitioner. Only the costs attributable to petitioner's claim for interest represent deductible expenses under section 212. Bearing heavily against petitioner, upon whom rests the burden of proof, we find that of the $5,000 paid in attorney fees, $250 is attributable to petitioner's claim for interest. *Cohan v. Commissioner,* 39 F. 2d 540 (2d Cir. 1930). This amount is deductible under section 212(1).

---

[3] *Samuel Marcus,* T.C. Memo. 1964-206.

*Deductibility of Legal Expenses Under Section 170*

Petitioner's final argument in support of the deductibility of the attorney fees is under section 170. Respondent maintains that the attorney fees are nondeductible personal expenses and do not represent a charitable contribution deductible under section 170.

Petitioner relies on section 1.170-2(a)(2), Income Tax Regs., which provides in part: "No deduction is allowable for contribution of services. However, unreimbursed expenditures made incident to the rendition of services to an organization contributions to which are deductible may constitute a deductible contribution." Petitioner claims that because St. James refused to desist from its actions against petitioner and submit the disputes to an Armenian Church tribunal governed by the ecclesiastical laws of the Armenian Church, he was forced to pay legal expenses which would have otherwise been the responsibility of the Armenian Apostolic Church. Petitioner maintains that in defending himself against the actions brought by St. James he was performing services for the Armenian Apostolic Church and that the payment of legal fees constituted an out-of-pocket expense incident to the rendition of these services. We cannot agree.

Regardless of whether the disputes between St. James and petitioner could have been settled by a tribunal of higher church authorities, petitioner's defense in the four civil suits instituted by St. James was his own responsibility. He in no way relieved the Armenian Apostolic Church of any responsibility by providing for his own defense. That group was not a party to any of these actions.

Furthermore, expenses are not allowed as a charitable contribution when the activity for which the expenses are incurred brings a substantial personal benefit to the taxpayer even though the charity also benefits. *Arthur I. Saltzman,* 54 T.C. 722 (1970). The presence of a substantial and direct personal benefit to the taxpayer is fatal to the claim for a charitable contribution. *Grey B. (Miller) Tate,* 59 T.C. 543 (1973). There can be no doubt that petitioner benefited from the expenses associated with his legal defense. Even if the Armenian Apostolic Church in some way also benefited from these expenses,

a charitable deduction is precluded by virtue of the benefit derived by petitioner.

*Decision will be entered under Rule 155.*