T.C. Summary Opinion 2006-3


UNITED STATES TAX COURT


MICHAEL DAVON WESTBROOK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8170-04S.          Filed January 3, 2006.


Michael Davon Westbrook, pro se.

Frank J. Jackson, for respondent.


CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 2000.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,760 in petitioner's 2000 Federal income tax and a $352 accuracy-related penalty under section 6662(a).

The issues for decision are: (1) Whether petitioner is entitled to various deductions claimed on Schedule A, Itemized Deductions; and (2) whether the underpayment of tax required to be shown on petitioner's 2000 Federal income tax return is due to negligence or intentional disregard of rules or regulations.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in New York, New York.

Petitioner holds a bachelor's degree from the University of Idaho. In 1993 he began employment with Cooper Union School of Engineering (Cooper Union) as a technician in the chemistry department. While employed by Cooper Union, petitioner enrolled in its graduate program and in 1998, he was awarded a master's degree in engineering.

While working and attending classes at Cooper Union, petitioner incorporated Suffola, Inc. (Suffola), a corporation organized under the laws of Idaho. At all relevant times, petitioner was the sole owner of all of Suffola's outstanding

stock, to the extent that any stock had been issued and was outstanding.  Suffola generated no income during 2000, and the corporation did not file a Federal income tax return for that year.  The record is unclear with respect to the exact services that petitioner might have provided to Suffola during the year in issue, but whatever they were, he did not receive a salary or any other form of compensation as a result.

Petitioner's employment with Cooper Union continued throughout 2000, as did his formal education there.  He took several courses in pursuit of a doctorate degree that year.  According to petitioner, his education was geared towards advancing the corporate goals of Suffola, although those goals are less than clearly stated in the record.  Nevertheless, in pursuit of his doctorate degree, petitioner incurred tuition expenses, as well as expenses for books and supplies.  During 2000, petitioner also purchased a laptop computer, a scanner, and a digital camera.

During 2000, petitioner contributed financially to the care and maintenance of his mother, who was ill and cared for by his sister.

Petitioner's 2000 Federal income tax return was timely filed.  That return includes a Schedule A on which, as relevant

here, deductions for home mortgage interest of $2,040[1], charitable contributions of $1,300, job expenses of $1,290, and other miscellaneous itemized deductions of $7,575 are claimed.

In the notice of deficiency, respondent disallowed the Schedule A deductions listed above. Respondent further determined that petitioner is liable for an accuracy-related penalty under section 6662(a). Because allowable itemized deductions were less than the standard deduction, respondent disallowed those otherwise allowable itemized deductions and allowed petitioner the standard deduction. Respondent also allowed petitioner a Lifetime Learning Credit of $746.

Discussion

The issues in this case arise from the disallowance of itemized deductions claimed on petitioner's Federal income tax return.[2] As has been noted in countless cases, deductions are a matter of legislative grace and are allowable only as specifically provided by statute. See INDOPCO, Inc. v.

---

[1] Petitioner lived in a rented apartment during 2000. The home mortgage interest deduction claimed on his return consists, in part, of tuition expenses, books, supplies, and instruments. Petitioner now concedes that he is not entitled to the deduction.

[2] Respondent bears the burden of production with respect to the imposition of the sec. 6662(a) penalty. Sec. 7491(c). Otherwise, under the circumstances, petitioner bears the burden of proof on the issues here in dispute. Sec. 7491(a); Rule 142(a).

<u>Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Interstate Transit Lines v. Commissioner</u>, 319 U.S. 590, 593 (1943); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

<u>Job Expenses and Other Miscellaneous Itemized Deductions</u>

Section 162(a) provides that a taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including the trade or business of being an employee. <u>Kurkjian v. Commissioner</u>, 65 T.C. 862, 869 (1976). Expenditures for personal, living, or family expenses are not allowable as deductions. See sec. 262(a).

On his 2000 Schedule A, petitioner claimed a job expenses deduction and other miscellaneous itemized deductions of $1,290 and $7,575, respectively. These deductions include expenses for postage, journals, checking account fees, a laptop, a scanner, and a digital camera incurred by petitioner in connection with Suffola's business activity.

A corporation is treated as a separate entity from its shareholders for tax purposes. <u>Moline Props., Inc. v. Commissioner</u>, 319 U.S. 436 (1943). The voluntary payment of corporate expenses by officers, employees, or shareholders may not be deducted on the taxpayer's individual return. <u>Deputy v. du Pont</u>, <u>supra</u> at 494; <u>Noland v. Commissioner</u>, 269 F.2d 108 (4th

Cir. 1959), affg. T.C. Memo. 1958-60; Rink v. Commissioner, 51 T.C. 746, 751 (1969). Accordingly, these expenses are not deductible by petitioner.

Petitioner also included educational expenses in the job expenses deduction and other miscellaneous itemized deductions claimed on the Schedule A.

Education expenses may qualify for deduction as a trade or business expense under section 162(a) if the education (1) maintains or improves the skills required in the taxpayer's employment or other trade or business, or (2) meets the express requirements of the taxpayer's employer, or of applicable law or regulations, imposed as a condition to the retention by the taxpayer of an established employment relationship, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. There is nothing in the record that indicates that petitioner's educational expenses, including tuition and related expenses, fell within one of these two categories. There is no suggestion that the education maintained or improved skills which petitioner used in his duties at Suffola, or Cooper Union for that matter, or that it was required in the context of his established employment relationship, status, or rate of compensation. Because the education expenses do not meet the requirements of

section 1.162-5(a), Income Tax Regs., the expenses are not deductible under section 162.[3]

Respondent's disallowances of the job expenses deduction and other miscellaneous itemized deductions are sustained.

Charitable Contributions Deduction

Section 170(a) allows as a deduction any charitable contribution which is made within the taxable year. A charitable contribution is a contribution or gift to or for the use of an organization described in section 170(c).

Petitioner claimed a charitable deduction in the amount of $1,300, for payments made to his sister to assist in the care of his ill mother. While we commend petitioner for contributing to the support of his ill mother, those contributions do not qualify for deduction under section 170. Respondent's disallowance of the charitable contribution deduction is sustained.

Section 6662(a) Penalty

Respondent determined that the underpayment of tax required to be shown of petitioner's 2000 return is due to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1) and (2). Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). It is further defined as the

---

[3] We note that respondent did allow petitioner a Lifetime Learning Credit under sec. 25A with respect to his qualified tuition and related expenses for the taxable year 2000.

failure to do what a reasonable person with ordinary prudence would do under the same or similar circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard is defined to include any careless, reckless, or intentional disregard. Sec. 6662(c). An accuracy-related penalty is not imposed with respect to any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Whether a taxpayer acts with reasonable cause and in good faith depends on the relevant facts and circumstances, including the extent of the taxpayer's effort to properly assess the tax liability. See sec. 1.6664-4(b)(1), Income Tax Regs.

As noted above, respondent bears the burden of production with respect to the imposition of the section 6662(a) penalty. Other than the disallowance of the deductions as discussed above, nothing in the record suggests that the imposition of the penalty is appropriate. As we view the matter, for purposes of the imposition of the section 6662(a) penalty upon the ground of negligence, the mere disallowance of a deduction, in and of itself, is not sufficient to satisfy the burden of production imposed upon respondent by section 7491(c). Petitioner is not liable for the section 6662(a) penalty.

Reviewed and adopted as the report of the Small Tax Division.

To reflect the foregoing,

Decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the section 6662(a) penalty.