T.C. Summary Opinion 2006-4


UNITED STATES TAX COURT


WALTER MICHAEL ALLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20484-03S.          Filed January 19, 2006.


Walter Michael Alley, pro se.

<u>James E. Cannon</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $6,513 and $5,753 for the taxable years 2000 and 2001, respectively. Additionally, respondent determined an addition to tax of $654 pursuant to section 6651(a) for the taxable year 2000.

After concessions,[1] the issue still in dispute is whether petitioner's stipulated truck expenses of $12,757 and $12,657 for taxable years 2000 and 2001, respectively, should be reported on petitioner's Schedule A, Itemized Deductions, and therefore be subject to the 2-percent floor of section 67, or whether such expenses were a result of an independent trade or business and therefore should be reported on a Schedule C, Profit or Loss From Business.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in

---

[1]At trial, the parties agreed: (1) With respect to the 2000 tax year, petitioner is entitled to an itemized deduction for unreimbursed employee business expenses of $24,921, which is subject to the 2-percent floor of sec. 67; (2) with respect to the 2001 tax year, petitioner is entitled to an itemized deduction for unreimbursed employee business expenses of $23,487, which is subject to the 2-percent floor of sec. 67; (3) with respect to the 2000 tax year, petitioner substantiated truck expenses of $12,757; (4) with respect to the 2001 tax year, petitioner substantiated truck expenses of $12,657; and (5) that petitioner's 2000 Federal income tax return was delinquent and thus petitioner is liable for the addition to tax of $654 pursuant to sec. 6651(a).

Farmington, New Mexico, on the date the petition was filed in this case.

During taxable years 2000 and 2001, petitioner was employed by Pacific Industrial Electric, Inc. (Pacific) as a field superintendent. As field superintendent, petitioner was responsible for all aspects of total on-site job management and supervision. Petitioner's duties included but were not limited to: personnel supervision, work assignments, work schedule management, materials ordering, materials management, customer and inspector interaction, and tool and equipment management.

Pacific did not have a formal written expense reimbursement policy during taxable years 2000 and 2001. However, Pacific's verbal reimbursement policy, as relevant in the present case, was to pay every employee $25 per day for the use of a personal vehicle while driving on corporate business.

During taxable year 2000, petitioner used his personal vehicle, a Ford pickup truck, for 135 days while driving on business. In accordance with Pacific's verbal reimbursement policy, petitioner received payments from Pacific totaling $3,375 for the taxable year 2000.

During taxable year 2001, petitioner used his personal vehicle for 282 days while driving on business. Again, in accordance with Pacific's verbal reimbursement policy, petitioner

received payments from Pacific totaling $7,050 for the taxable year 2001.

Petitioner delinquently filed his taxable year 2000 Form 1040, U.S. Individual Income Tax Return, on April 19, 2002.[2] Petitioner timely filed his taxable year 2001 Form 1040 on April 15, 2002.

Petitioner attached to his 2000 Federal income tax return a Schedule C. On his Schedule C for taxable year 2000, petitioner listed as his principal business or profession: "Truck Lease". Petitioner reported $3,375[3] of business income on his Schedule C for taxable year 2000 and deducted $16,059 in business expenses. This resulted in a reported business loss in the amount of $12,684. Petitioner's Schedule C business expenses were as follows:

| | | |
|---|---|---|
| Line 10 | Car and truck expenses | $12,757 |
| Line 16b | Interest: Other (Auto loan) | 230 |
| Line 21 | Repairs and maintenance | 2,892 |
| Line 23 | Taxes and licenses | 45 |
| Line 27 | Other expenses | 135 |
| Line 28 | Total expenses | $16,059 |

Petitioner attached to his 2001 Federal income tax return a Schedule C. On his Schedule C for taxable year 2001 petitioner

---

[2]As previously noted, petitioner stipulated that his Form 1040 for taxable year 2000 was filed delinquently and conceded the addition to tax of $654 pursuant to sec. 6651(a).

[3]This amount represents the payments received by petitioner from Pacific for the use of his personal vehicle in furtherance of Pacific's business.

listed as his principal business or profession: "Truck Lease".
Petitioner reported $7,050[4] of business income on his Schedule C
for taxable year 2001 and deducted $16,107 in business expenses.
This resulted in a reported business loss in the amount of
$9,057. Petitioner's Schedule C business expenses were as
follows:

| | | |
|---|---|---|
| Line 10 | Car and truck expenses | $12,657 |
| Line 16 | Insurance (other than health) | 867 |
| Line 16b | Interest: Other (Auto loan) | 559 |
| Line 21 | Repairs and maintenance | 904 |
| Line 23 | Taxes and licenses | 985 |
| Line 27 | Other expenses | 135 |
| Line 28 | Total expenses | $16,107 |

On October 31, 2003, respondent issued a notice of
deficiency to petitioner for the 2000 and 2001 taxable years. In
the notice of deficiency, respondent denied petitioner the
reported business losses from his alleged trade or business for
both taxable years 2000 and 2001 and disallowed all Schedule C
claimed deductions.[5]

---

[4]As previously noted, this amount represents the payments
received by petitioner from Pacific for the use of his personal
vehicle in furtherance of Pacific's business.

[5]As previously noted, the parties have agreed that
petitioner incurred truck expenses of $12,757 and $12,657 for the
taxable years 2000 and 2001, respectively.

## Discussion[6]

As previously stated, on his Schedule C for taxable years 2000 and 2001 petitioner deducted business expenses of $16,059 and $16,107, respectively. The parties agreed, at trial, that petitioner substantiated truck expenses of $12,757 and $12,657 for the taxable years 2000 and 2001, respectively.

As we understand it, petitioner's principal contention is that he was individually and independently in the business of leasing his truck to his employer, and that the agreed-upon expenses incurred for maintenance and repairs of his truck were deductible as ordinary and necessary expenses of conducting that business and thus were above-the-line Schedule C deductions.

On the other hand, respondent contends that the agreed-upon expenses are deductible as unreimbursed employee business expenses and thus are itemized deductions subject to the 2-percent floor of section 67.

It is well established that a taxpayer is engaged in a trade or business if the taxpayer is involved in the activity (1) with continuity and regularity, and (2) with the primary purpose of making a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir.

---

[6]We decide the issue in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

1990), affg. 91 T.C. 686 (1988).  Petitioner has the burden of proving that he was engaged in a trade or business.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111 (1933).

This Court in Kurkjian v. Commissioner, 65 T.C. 862, 868 (1976) (quoting Hirsch v. Commissioner, 315 F.2d 731, 736 (9th Cir. 1963), affg. T.C. Memo. 1961-256), stated:

> From the very import of Section 23 [referring to sec. 23(a)(1)(A), the 1939 Code predecessor of sec. 162(a)], which presupposes that the taxpayer has received taxable income before deductions can be taken therefrom, it is clear that Congress intended that the profit or income motive must first be present in and dominate any taxpayer's "trade or business" before deductions may be taken.  While the expectation of the taxpayer need not be reasonable, and immediate profit from the business is not necessary, nevertheless, the basic and dominant intent behind the taxpayer's activities, out of which the claimed expenses or debts were incurred, must be ultimately to make a profit or income from those very same activities.  * * * Absent that basic and dominant motive, the taxpayer's activities, no matter how intensive, extensive or expensive, have not been construed by the Courts as carrying on a trade or business within the purview of Section 23.  * * *

We therefore must determine whether petitioner entered into a lease with his employer and, if so, whether petitioner entered into said lease with the intent to make a profit.

During taxable years 2000 and 2001, petitioner did not lease any other vehicles.  Petitioner testified:  (1) He did not try to lease his truck to any other individual; and (2) there was no formal written lease between himself and his employer.

Furthermore, petitioner did not negotiate leasing terms with his employer; instead, he was paid a flat rate of $25 per day for the use of his personal vehicle in furtherance of Pacific's business. The flat rate of $25 per day could be received by any employee of Pacific who used his or her personal vehicle in furtherance of Pacific's business.

Based upon on the record in this case, we conclude that petitioner did not possess the required profit or income motive when he used his personal vehicle in furtherance of Pacific's trade or business.  In fact, we find that petitioner did not enter into any lease with his employer.  Further, we conclude that petitioner's use of his personal vehicle in furtherance of Pacific's trade or business was within the scope of his activities as an employee of Pacific and that petitioner was not individually and independently in the business of leasing his truck to his employer.

It is clear that an individual may be in the trade or business of being an employee and that ordinary and necessary expenses incurred in that trade or business are deductible under section 162.  See sec. 1.162-17(a), Income Tax Regs.  Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.

Welch v. Helvering, supra at 113-114.  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. Du Pont, 308 U.S. 488, 495 (1940).

We hold that the agreed-upon expenses of $12,757 and $12,657 for taxable years 2000 and 2001, respectively, are unreimbursed employee business expenses properly deducted on Schedule A and thus are itemized deductions subject to the 2-percent floor of section 67.

In view of the foregoing, we sustain respondent's determination on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.