T.C. Memo. 2016-79

UNITED STATES TAX COURT

TERENCE K. BARNES AND LYNN A. BARNES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25292-13.                    Filed April 27, 2016.

Terence K. Barnes and Lynn A. Barnes, pro se.

Lewis A. Booth, II, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge: In a notice of deficiency dated August 22, 2013, respondent

determined deficiencies of $3,959 and $1,483 and accuracy-related penalties under

**[*2]** section 6662(a) of $791.80 and $296.60 for petitioners' 2010 and 2011 taxable years, respectively.[1]

After concessions,[2] the issues for decision are:  (1) whether petitioners are entitled to deductions for unreimbursed employee expenses for 2010 and 2011 for expenses incurred by Mr. Barnes to purchase and maintain clothing for his job; (2) whether petitioners are entitled to additional noncash charitable contribution deductions of $1,122 and $1,510 for 2010 and 2011, respectively; and (3) whether petitioners are liable for section 6662(a) accuracy-related penalties for 2010 and 2011.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.  The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners resided in New York when the petition was filed.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent has conceded that petitioners:  (1) are not subject to self-employment tax on $1,633 of other income for 2011; (2) have substantiated $2,265.17 and $2,053.57 of unreimbursed employee expenses for 2010 and 2011, respectively; and (3) are entitled to noncash charitable contribution deductions of only $1,000 for both 2010 and 2011.

**[*3]** Mr. Barnes began working as a salesman for Ralph Lauren Corp. (Ralph Lauren) in 2010. Ralph Lauren designs, markets, and distributes, among other products, men's apparel, such as polo shirts, casual shirts, T-shirts and sweatshirts, sweaters, dress shirts, suits and sports coats, and pants, all of which are suitable for general or personal wear. Ralph Lauren required all employees who worked in corporate sales positions to wear Ralph Lauren apparel while representing the company. Consequently, Mr. Barnes purchased Ralph Lauren shirts, pants, ties, and suits, the costs of which he deducted as unreimbursed employee expenses on Schedules A, Itemized Deductions, of petitioners' 2010 and 2011 jointly filed Forms 1040, U.S. Individual Income Tax Return.

In 2010 petitioners moved from New Jersey to New York City. Mr. Barnes testified that because petitioners' living space in New York City was smaller than that of their New Jersey apartment, they donated clothing and household items that they no longer needed to the Salvation Army.

Petitioners made four separate noncash contributions to the Salvation Army in 2010 and four more in 2011. On each occasion petitioners obtained a donation receipt. The donation receipts described petitioners' contributions in 2010 as follows: "5 boxes of clothes" and a "file cabinet" on April 10; "6 bags of clothes" on November 20; "6 bags of clothes", "1 radio", "1 lamp", "1 mirror", and "8 pair

[*4] of shoes" on December 29; and "4 box of clothes" and "1 printer" on December 30. For 2011, the donation receipts described petitioners' contributions as follows: "3 chairs", "plates/china", "electronics", "2 bags of clothes", and an "ironing board" on April 11; "2 printers", "1 stool", "picture frames", "ornaments", and "books" on April 17; a "clothing rack", "clothes", and "household goods" on April 23; and "clothing", "kitchen supplies", and "vases" on May 13. The donation receipts do not reflect the respective items' fair market values at the time of donation or describe the items in further detail.

Mr. Barnes presented to the Court summary sheets purporting to list the items petitioners donated, their purchase prices, and their values at the time of donation. Some of the items on the summary sheets refer to specific items, such as "Microwave", "Iron", and "Toaster", while other items were grouped into a single general category, such as "Designer Clothing (Pants, Men's Jackets, Suits, Shirts, Shoes)". Mr. Barnes testified that to determine the values of the items at the time of donation petitioners looked at the Salvation Army's "Donation Value Guide"-- which petitioner's introduced as an exhibit--for some items and relied on their own experience to determine the resale value of the clothing items. Although the summary sheets list the total fair market values of all noncash items allegedly donated as $5,030 and $4,230 for 2010 and 2011, respectively, petitioners claimed

[*5] noncash charitable contribution deductions of only $2,122 and $2,510 for 2010 and 2011, respectively.

Many of the items listed on the summary sheets do not appear on the Salvation Army donation receipts. For example, petitioners' 2010 summary sheet lists the following noncash contributions: living room set, iron, toaster, designer clothing, bedding and pillows, Crate & Barrel kitchenware, wall pictures, luggage, dishes, television stand, and refrigerator. Other than the clothing, none of those items appear on the 2010 donation receipts. Petitioners have not provided any other documentation to match the information provided on the donation receipts or to establish the values of the items listed on the donation receipts for 2010 or 2011.

Respondent issued to petitioners a notice of deficiency dated August 22, 2013, determining that (1) Mr. Barnes was not entitled to deduct as an unreimbursed employee expense the cost of purchasing and maintaining Ralph Lauren apparel, (2) petitioners were not entitled to a charitable contribution deduction in excess of $1,000 for 2010 or 2011, and (3) petitioners were liable for accuracy-related penalties due to negligence under section 6662(a) and (b)(1) for 2010 and 2011. Petitioners timely petitioned the Court for redetermination.

**[*6]**                                         OPINION

I.    <u>Burden of Proof</u>

Generally, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing the determinations are in error.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Generally, a taxpayer must keep records sufficient to establish the amounts of income, deductions, credits, and other items reported on his or her Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements.  Petitioners did not argue for a burden shift under section 7491(a), and the record does not establish that the prerequisites for a burden shift have been met; therefore, the burden of proof remains theirs.

[*7] II.        Unreimbursed Employee Expenses

Section 262 provides that a taxpayer generally cannot deduct personal, living, or family expenses.  Section 162(a), however, allows as a deduction all ordinary and necessary expenses paid or incurred in carrying on any activity that constitutes a trade or business.  An individual may be in the trade or business of being an employee, see Primuth v. Commissioner, 54 T.C. 374, 377 (1970), and in such a case ordinary and necessary expenses incurred in the trade or business of being an employee are deductible under section 162, O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Kurkjian v. Commissioner, 65 T.C. 862, 869 (1976).

Generally, expenditures for the purchase and maintenance of clothing are nondeductible expenses within the meaning of section 262, even though the clothing is worn by the taxpayer in connection with his trade or business.  See Drill v. Commissioner, 8 T.C. 902, 904 (1947); Cross v. Commissioner, T.C. Memo. 1982-686.  The Court has established three criteria for the cost of clothing to be deductible as an ordinary and necessary business expense:  (1) the clothing is required or essential in the taxpayer's employment; (2) the clothing is not suitable for general or personal wear; and (3) the clothing is not so worn.  Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980); Yeomans v. Commissioner, 30 T.C. 757, 767 (1958).

**[*8]** Mr. Barnes was required to wear Ralph Lauren clothing while representing the company. Ralph Lauren clothing, however, is suitable for general or personal wear. Thus, Mr. Barnes' costs to acquire and maintain his Ralph Lauren clothing is not deductible.

III. Charitable Contributions

Section 170(a)(1) allows a deduction for any charitable contribution made within the taxable year. If a taxpayer makes a charitable contribution of property other than money, the amount of the contribution is generally equal to the fair market value of the property at the time of the contribution. See sec. 1.170A-1(c)(1), Income Tax Regs. Taxpayers must satisfy certain statutory and regulatory substantiation requirements, however, in order to deduct charitable contributions. See sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs. The nature of the required substantiation depends on the size of the contribution and on whether it is a gift of cash or property other than cash (noncash).

Under section 1.170A-13(b)(1), Income Tax Regs., a taxpayer is required to maintain for each noncash contribution a receipt from the donee organization unless doing so is impractical. The donee receipt must contain: (i) the name of the donee organization; (ii) the date and location of the contribution; and (iii) a

[*9] description of the property in detail reasonably sufficient under the circumstances.  Id.

A taxpayer who lacks a donee receipt is required to keep reliable written records containing, among other things:  (i) the name and address of the donee organization to which the contribution was made; (ii) the date and location of the contribution; (iii) a description of the property in detail reasonable under the circumstances (including the value of the property); and (iv) the fair market value of the property at the time the contribution was made and the method used to determine the fair market value.  Id. subpara. (2)(ii); see also Van Dusen v. Commissioner, 136 T.C. 515, 532 (2011).

There is no doubt that petitioners made noncash charitable contributions to the Salvation Army in both 2010 and 2011, as evidenced by donation receipts. Petitioners have not, however, provided the Court with adequate documentation to establish a noncash contribution for 2010 or 2011 in excess of the $1,000 respondent allowed for each year.  None of the Salvation Army receipts contains information regarding the fair market values of the items listed on the receipt. Although the regulations do not require those receipts to contain such information, see sec. 1.170A-13(b)(1), Income Tax Regs. ("Although the fair market value of the property is one of the circumstances to be taken into account in determining

**[*10]** the amount of detail to be included on the receipt, such value need not be stated on the receipt."), petitioners did not contemporaneously attach values to the items listed on the receipts and were not able to match items listed on their summary sheets to items listed on the donation receipts. Instead, many of the items listed on petitioners' summary sheets are not corroborated by the donation receipts. In addition, petitioners' summary sheets reflect noncash charitable contributions of $5,030 and $4,230 for 2010 and 2011, respectively, but petitioners reported noncash charitable contributions of only $2,122 and $2,510 for 2010 and 2011, respectively. On the basis of the record, petitioners have not shown that they are entitled to deductions for noncash charitable contributions in excess of the amount respondent allowed. Accordingly, the Court will sustain respondent's determination.

IV.    Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) authorizes a 20% penalty on the portion of an underpayment of income tax attributable to negligence or disregard of rules or regulations. Under section 7491(c), the Commissioner bears the burden of production with regard to penalties. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet that burden the Commissioner must come forward with evidence indicating that it is appropriate to impose the penalty. Id. Once the Commissioner

**[*11]** has met the burden of production, the taxpayer has the burden of proving that the penalties are inappropriate because of, for example, reasonable cause or substantial authority.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

For purposes of section 6662(a), "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of a tax return.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  "Negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  "Disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

No penalty may be imposed under section 6662 with respect to any portion of an underpayment upon a showing that the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448.  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence as to the disputed item.  United States v. Boyle, 469 U.S. 241, 246 (1985).  The term "good faith" has no precise definition but means, among other things, (1) an honest belief and (2) the intent to perform

[*12] all lawful obligations.  Sampson v. Commissioner, T.C. Memo. 2013-212, at *18.  Whether a taxpayer acted with reasonable cause and in good faith is decided on a case-by-case basis, taking into account all pertinent facts and circumstances.  See Higbee v. Commissioner, 116 T.C. at 448; sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances.  Higbee v. Commissioner, 116 T.C. at 449; sec. 1.6664-1(b)(1), Income Tax Regs.

Respondent has satisfied the burden of production.  Petitioners' position with respect to their umreimbursed employee expenses for Mr. Barnes' Ralph Lauren clothing is not consistent with prior Court decisions, and they failed to adequately substantiate their charitable contributions.

Petitioners have not met their burden of proof with respect to defenses to the negligence penalty for the portion of the underpayment relating to their unreimbursed employee expenses for Mr. Barnes' clothing.  The Court has consistently applied the three-part test outlined supra to determine whether the cost of clothing is a deductible expense.  Ralph Lauren clothing is clearly suitable

**[\*13]** for general or personal wear. Petitioners should have known that they were not entitled to a deduction for the costs of purchasing and maintaining Ralph Lauren clothing.

Petitioners have met their burden of proof with respect to defenses to the negligence penalty, however, for their charitable contribution deductions. Petitioners introduced donation receipts from the Salvation Army and self-prepared summary sheets in an effort to substantiate their charitable contributions. Although petitioners were unable to fully substantiate their contributions, they exercised ordinary business care and prudence when determining the amounts of their contributions. Even though some of the items listed on the summary sheets did not correspond with those listed on the Salvation Army donation receipts, the Court is persuaded that petitioners honestly believed that they were legally entitled to deductions in the amounts reported. For example, petitioners' 2010 summary sheet listed as contributions made in 2010 a toaster, kitchenware, wall pictures, and dishes. Although those items did not correspond with donation receipts from the Salvation Army for 2010, some of the 2011 donation receipts contain similar descriptions, including "plates/china", "kitchenware", and "picture frames". Further, petitioners claimed as deductions only a fraction of the total amounts listed on their summary sheets. On the basis of the record, the Court concludes

**[\*14]** that petitioners acted with reasonable cause and in good faith with respect to their charitable contribution deductions.

Accordingly, the Court will impose an accuracy-related penalty due to negligence only for the portion of each underpayment attributable to petitioners' deduction for the costs of purchasing and maintaining Mr. Barnes' Ralph Lauren clothing.

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.