T.C. Summary Opinion 2017-28

UNITED STATES TAX COURT

AGWU U. OKIYI AND CHINYERE A. OKIYI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7072-16S.                          Filed May 1, 2017.

Agwu U. Okiyi and Chinyere A. Okiyi, pro sese.

Elizabeth M. Shaner and Nancy M. Gilmore, for respondent.

SUMMARY OPINION

LAUBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code (Code) in effect when the petition was filed.[1]

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

Under section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

With respect to petitioners' Federal income tax for 2013, the Internal Revenue Service (IRS or respondent) determined a deficiency of $5,341 and an accuracy-related penalty of $1,058 under section 6662(a). The issues for decision are: (1) whether petitioners are entitled to a claimed deduction for charitable contributions in excess of the amount the IRS allowed; (2) whether petitioners are entitled to claimed but disallowed miscellaneous itemized deductions; and (3) whether petitioners are liable for the accuracy-related penalty. We resolve all issues in respondent's favor.

### Background

The parties filed a stipulation of facts with accompanying exhibits that is incorporated by this reference. During 2013 petitioners were both employed by the State of Maryland. Mr. Okiyi was a case manager in the social services administration, and Mrs. Okiyi was a social worker in the foster care services. They resided in Maryland when they petitioned this Court.

Petitioners timely filed a joint Federal income tax return for 2013. On that return they claimed on Schedule A, Itemized Deductions, a cash charitable contribution deduction of $9,471 and miscellaneous deductions of $32,061. The mis-

cellaneous deductions comprised $31,750 of unreimbursed employee business expenses and $311 of tax return preparation fees.

Upon examination of petitioners' 2013 return the IRS disallowed for lack of substantiation $7,912 of the claimed charitable contribution deduction and all of the claimed miscellaneous deductions. The IRS sent petitioners a timely notice of deficiency, and they timely petitioned this Court. At trial Mr. Okiyi testified that petitioners had made charitable contributions to their church or to an orphanage in amounts exceeding the $1,559 that the IRS had allowed. But they provided no substantiation of any kind for these additional gifts.

Petitioners' reported employee business expenses consisted primarily of travel costs related to their two automobiles. Claiming that they had driven a total of 42,023 business miles in their two cars, they reported an aggregate mileage allowance of $23,743 and aggregate expenses of $1,722 for parking and tolls. They also reported expenses of $1,583 for meals and entertainment. The balance of their reported employee business expenses, or $4,702, was allegedly attributable to a "job search."

Petitioners produced no documentation whatsoever to substantiate any of the expenses underlying these claimed deductions. Mr. Okiyi testified that the travel costs represented expenses incurred in transporting foster children to and

from their foster homes and in visiting these children, plus meals consumed during these trips. He testified that his wife had kept a contemporaneous mileage log for this travel, but petitioners did not submit any such log into evidence. He testified that he had incurred $4,702 of job search expenses in connection with his application for a different position with his current employer.

Mr. Okiyi testified that petitioners had documentation to substantiate some of their expenses but had neglected to bring these documents with them to trial. The Court accordingly left the record open for 30 days to allow petitioners to submit, through a supplemental stipulation, any relevant documentation that they had. They did not submit anything, and we accordingly closed the record on March 1, 2017.

## Discussion

The IRS' determinations in a notice of deficiency are generally presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace; the taxpayer bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of expenses underlying claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Petitioners do not con-

tend, and they would have no basis for contending, that the burden of proof as to any factual issue should shift to respondent under section 7491(a).

A.    Charitable Contributions

Section 170(a) allows as a deduction contributions made within the taxable year to churches, charities, and other specified entities. See sec. 170(c)(2). Charitable contributions are allowable as deductions "only if verified under regulations prescribed by the Secretary." Sec. 170(a)(1). For all contributions, taxpayers are required to keep "reliable written records," such as canceled checks or receipts, establishing the identity of the donee and the date and amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. For contributions of $250 or more, the taxpayer must obtain a "contemporaneous written acknowledgment" from the donee. Sec. 170(f)(8)(A). Additional and more stringent substantiation requirements are imposed for contributions of property with a claimed value exceeding $500. See sec. 170(f)(11)(B).

Mr. Okiyi testified that petitioners had made contributions to their church in excess of the $1,559 that the IRS found to have been substantiated and had also made gifts to an unspecified orphanage. But they submitted no substantiation of any kind for these alleged gifts. We accordingly sustain respondent's

determination that petitioners for 2013 are allowed a charitable contribution deduction of only $1,559.

B.     Miscellaneous Itemized Deductions

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  The determination whether an expenditure satisfies the requirements for deductibility is a question of fact.  See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  An individual may be in the trade or business of being an employee; ordinary and necessary expenses incurred in that trade or business are deductible. Kurkjian v. Commissioner, 65 T.C. 862, 869 (1976).  Expenses incurred in searching for new employment in the employee's existing trade or business may also be deductible business expenses.  Cremona v. Commissioner, 58 T.C. 219 (1972); Primuth v. Commissioner, 54 T.C. 374 (1970).  Deductions are not allowed for personal, living, or family expenses.  Sec. 262(a).

Section 274(d) prescribes more stringent substantiation requirements for certain categories of expenses, such as "traveling expense[s] (including meals * * * while away from home)."  Sec. 274(d)(1).  To satisfy the section 274(d) requirements, a taxpayer generally must maintain records and documentary evidence sufficient to establish the amount, date, and business purpose for an expen-

diture. Sec. 1.274-5T(b)(2), (5), (6), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46016 (Nov. 6, 1985). In the absence of adequate records, the substantiation requirements can be met by other sufficient evidence corroborating the taxpayer's own statement. See id. para. (c)(3), 50 Fed. Reg. 46020.

The substantiation requirements of section 274(d) apply to petitioners' reported expenses for travel, parking, and meals. Petitioners did not supply substantiation of any kind for these expenses. Moreover, Mr. Okiyi admitted that his wife may have been eligible for (and may in fact have received) reimbursement from her employer, the State of Maryland, for some or all of the travel expenses she incurred in connection with transportation of the foster care children. Expenses eligible for reimbursement by the taxpayer's employer are generally not considered "necessary" under section 162(a) and thus do not qualify for deduction as unreimbursed employee business expenses. See Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.

Petitioners produced no documentation to substantiate their claimed tax return preparation expenses of $311 or Mr. Okiyi's claimed job search expenses of $4,702. And we did not find credible his testimony that he incurred expenses of $4,702 in applying for a different position with the State of Maryland, his current

employer. We accordingly sustain respondent's determination that petitioners are entitled to no miscellaneous itemized deductions.

## C. Accuracy-Related Penalty

The Code imposes a 20% penalty upon the portion of any underpayment of tax that is attributable to "[a]ny substantial understatement of income tax." Sec. 6662(a), (b)(2). An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production with respect to the liability of an individual for any penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The deficiency in petitioners' 2013 income tax, which we have sustained in full, is $5,341. There being no dispute over any claimed refundable tax credits, that deficiency amount equals petitioners' understatement of income tax. See generally Gassoway v. Commissioner, T.C. Memo. 2015-203. Moreover, because petitioners reported a tax of zero on their return, that amount of $5,341 also equals the tax required to be shown on their return. See sec. 1.6662-4(b)(2), Income Tax Regs. As a result, petitioners' understatement of income tax is substantial within the meaning of section 6662(d)(1)(A), exceeding both $5,000 and 10% of itself. Respondent has thus satisfied section

7491(c) by carrying his burden of production of demonstrating a "substantial understatement of income tax" under section 6662(b)(2).[2]

The section 6662 penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith" with respect to it. Sec. 6664(c)(1). The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is a taxpayer's effort to ascertain his or her correct tax liability.

Petitioners offered no evidence that they attempted to ascertain their correct 2013 tax liability. They had no substantiation for their reported expenses, and they claimed deductions for expenses that qualified for reimbursement (and may in fact have been reimbursed) by their employer. Although a tax return preparation service prepared their return, they do not contend that they relied on the advice of

---

[2]Petitioners did not allege, in their petition or at trial, that the accuracy-related penalty at issue was not "personally approved (in writing) by the immediate supervisor of the individual making * * * [the penalty] determination." Sec. 6751(b)(1). That issue is therefore deemed conceded. See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); cf. Lloyd v. Commissioner, T.C. Memo. 2017-60, at *7 n.3 (deeming similarly conceded any section 6751(b)(1) challenge to assessable penalties in a section 6330 levy case).

a competent tax professional in taking these positions.  <u>See</u> sec. 1.6664-4(c)(1), Income Tax Regs.  We will accordingly sustain respondent's determination of an accuracy-related penalty.

     To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.